JAMES L. FARQUHAR AND ANOTHER v. JAMES L. DALLAS.

Where the charge of the Court is correct as far as it goes, but does not cover the
whole ground, it is the duty of parties to ask an additional charge, if they
wish it.

In this case it was held that the Sheriff showed no excuse for failing to make a
levy as requested; and the judgment was reversed on the facts.

Appeal from Washington.    Tried below before the Hon. R.
E. B. Baylor.
The facts are stated in the Opinion.

*B. H. Bassett*, for appellants.

*Shepard*, for appellee.

ROBERTS, J.  This is a motion against Dallas, the Sheriff of
Washington county, for failing to return an execution, and for
failing to make a levy upon property pointed out by plaintiffs,
who are now appellants.    The Sheriff answered that he was not
liable, and denied the facts charged against him, generally.
Upon the trial a verdict and judgment were rendered against
plaintiffs, which judgment is sought to be reversed by this ap-
peal.

The charge of the Court was correct so far as it went, and if
it did not cover the whole of the ground that it might have oc-
cupied, it was the duty of the parties to have asked an additional
charge, if they had wished it.    The only assignment of error
that need be considered, is that the Court erred in refusing a
new trial.

There was no dispute about the facts, that the Sheriff had the execution in his hands, specified in the motion; that plaintiffs by their attorney pointed out property in the possession of the defendant Gilder, and requested the Sheriff to levy on it; that it was not levied on according to said request; and that the execution was not returned until after this motion was made.

The Sheriff sought to avoid liability and excuse himself from default in not levying, and in not returning the execution, by showing that the plaintiffs, by their attorney, ordered the execution to be "held up." The question in the case is whether or not he adduced evidence on the trial which sustained this excuse. In this issue the burthen of proof rested on the Sheriff. There is no pretence that he countermanded the order to levy upon the drugs and medicines which he pointed out, and the excuse rendered by the Sheriff, that it would be too much trouble to take an inventory of them, is no excuse at all.

As to the wagon, mule, and horse, which were pointed out to the Sheriff, no reason is given why the levy was not made. The plaintiff's attorney, upon finding that the execution had been placed in the hands of the deputy, Buchanon, again pointed out the wagon, mule, and horse, and requested a levy to be made. To explain why this was not done the deputy was examined as a witness, and stated, "that plaintiff's attorney, Morris, came to him in March last and asked him if defendant Gilder did not have a wagon, horse, and mule; witness said he had seen his boy using such articles; did not know that they were Gilder's; that if they were, they would pay a very small portion of the debt, and the seizure of them would anger the defendant Gilder and prevent him from making efforts to pay the balance. Said attorney said he would go and see Gilder and Hall, and went off to do so. Witness understood from the conversation that he was not to proceed with the execution until further advised, and went to the office in expectation of receiving letters from said attorney, and none came."

Is there anything in all this which can be construed into an order to hold up the execution? The deputy's understanding from this conversation was not warranted by any part of it which he has disclosed. Both of the defendants in the execution were examined, and they too spoke of their conclusions and understandings about the case, but nowhere are any declarations or facts developed, which can reasonably be construed to establish that plaintiffs, or their attorney, ever ordered the execution to

be stayed, or held up, or in any way waived their right to have the levy made by the Sheriff.

Indeed, the record presents a case where a party is seen most diligently pressing the officers into a discharge of their duty, for the purpose of securing at least a part of the debt, and they avoiding any efforts whatever, upon apparently the most frivolous excuses.

We think there is an entire want of evidence sufficient to sustain the Sheriff's defence, and that a new trial should have been granted.   Judgment is reversed and cause remanded.

Reversed and remanded.