### E. H. CUSHING v. P. R. SMITH & Co.

1. PARTNER, LIABILITY OF.—Two firms of the same firm name did business in the same town; defendant, who was a partner in one firm but not in the other, was sued as a member of the firm to which he did not belong for the value of goods that had not been purchased by him individually nor by his authority: Held, that he could only be held liable as a partner in the firm to which he did not belong where the two firms conducted their business in such manner as to justify the conclusion by their customers that there was an identity of interest.

2. PARTNER.—Every one who authorizes another to believe him a partner is, as to the person so authorized, a partner, but the authorization must be such as would be regarded sufficient by a reasonable and fair man; a mere conjecture that a man is a partner, though based on circumstances tending that way, is not sufficient.

3. LIABILITY OF PARTNER.—A merchant who sells goods to one knowing him to be a member of two different firms, for either of which the goods sold would be suitable, should ascertain by inquiry with which firm he is dealing, and if he fails to make such inquiry, he cannot hold the firm for which the goods were not purchased responsible.

4. PLEADING.—The denial by a defendant of a partnership is not in the nature of a plea of *non est factum*, and need not be verified by oath.

APPEAL from Brazos. Tried below before the Hon. J. M. Onins.

Before the institution of this suit there was in Bryan a banking and commission house composed of O. P. Bowles and P. R. Smith, doing business under the firm name of P. R. Smith & Co. There was also a house doing a general business in merchandise composed of P. R. Smith, J. J. Adams, C. A. Sterne, and John W. Coulter, under the firm name of P. R. Smith & Co. also.

These two houses, doing separate and distinct business, for a little while occupied different portions of the same building, but subsequently the banking house removed to other premises. Each house had an advertisement in the local papers setting forth its business and the nature and character of its dealings. O. P. Bowles had no interest of any kind in the mercantile house, and did not hold himself out to the public as having any interest in it. P. R. Smith was a partner in both houses.

During the years 1871, 1872, E. H. Cushing sold sundry goods, wares, and merchandise to P. R. Smith & Co. These goods were such as are usually bought and kept on hand in country stores. They were ordered and received by the mercantile house of P. R. Smith & Co., of which O. P. Bowles was not a partner, and used by it in its usual business.

On the 4th day of October, 1872, E. H. Cushing brought a suit to recover the value of those goods against P. R. Smith, O. P. Bowles, C. W. Sterne, John W. Coulter, and J. J. Adams.

O. P. Bowles answered, denying his partnership in the firm to whom the goods were sold, and who received and used them.

P. R. Smith, C. A. Sterne, and J. W. Coulter made default. Subsequently the defaults were set aside and the suit dismissed as to Smith and Adams, and after a trial and verdict in favor of O. P. Bowles and Coulter, judgment was rendered against the plaintiff in favor of the defendant. No issue of fraud was made.

*John J. Kimbrough,* for appellant, cited 1 Story on Cont., 31–61; Pars. on Part., 31–61; Story on Part., 103'; Crozier *v.* Kirker, 4 Tex., 258; Devine *v.* Martin, 15 Tex., 31; Powell *v.* Messer, 18 Tex., 401; Burnley *v.* Rice, 18 Tex., 481.

*Hancock, West & North,* cited 1 Pars. on Cont., 2d Ed., 134; Id., 150; McFarland *v.* Wofford, 16 Tex., 609; McAlpin *v.* Cassidy, 17 Tex., 449; Burleigh *v.* Parton, 21 Tex., 586; Fowler *v.* Davenport, 21 Tex., 634; Compton *v.* Stage Co., 25 Tex. Supp., p. 78.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover the value of certain goods and merchandise sold to P. R. Smith & Co., composed of O. P. Bowles and the other defendants, as charged in the petition.

The defendant, Bowles, in his answer sets up as a defense to the suit that there were two firms in the town of Bryan doing business under the firm name of P. R. Smith & Co.; that one of said firms did a banking, exchange, and commission business, of which he, Bowles, was a member, and that P. R. Smith was the other and only member of this firm; that the other firm of the same name, composed of P. R. Smith and others, were dealers in dry goods and general merchandise; of this firm he was not a member, and that it was to this last-named firm the plaintiff sold his goods.

If the goods were sold to the company of which O. P. Bowles was a partner, or if he held himself out as a partner and thereby induced appellant to give credit to the partnership, he would be liable as a partner, whether actually so or not. The usual proof of partnership, says Greenleaf in his Treatise on Evidence, is by the evidence of clerks or other persons who know that the parties have actually carried on business as partners. (Vol. 2, 479.) There are other modes by which a partnership may also be proved against

parties, as by their declarations and admissions, their habit and course of dealing and conduct, inducing others with whom they have dealt to consider them as partners. (2 Greenl. Ev., § 483.) Parsons in his work on Mercantile Law says, "Persons may be partners as to third parties or strangers who are not partners *inter se*. The latter question would generally be determined by the intention of the parties as drawn from their contract, whether oral or written, under the ordinary rules of evidence and construction. But whether one is liable as a partner to one who deals with the firm must depend in part upon his intention, but more upon his acts, for if by them he justifies those who deal with the firm in thinking him a partner in that business, he must bear the responsibility, as if he declare that he has a joint interest in the property or conducts the business of the firm as a partner, accepting bills or the like." (P. 167.)

The evidence shows that Bowles was not a partner in the commercial firm of P. R. Smith & Co., as between the parties themselves, whatever may have been his relation and obligations to third persons in their dealings with the firm. P. R. Smith says that himself and Bowles composed the banking and exchange firm of P. R. Smith & Co., and that he, P. R. Smith, alone composed the firm of P. R. Smith & Co. in the dry goods business, and that there was no connection between the two houses. Smith is corroborated by Adams and Sterne, except in the statement that they and J. W. Coulter were also partners with Smith as dealers in the dry goods firm of P. R. Smith & Co. The statement of Smith, that the others received a part of the profits of the business, may have made them partners as they understood it. Both Adams and Sterne concur in saying that the goods were purchased for the mercantile firm of which Bowles was not a member. There was no proof of any admissions or declarations, either by Bowles or the other parties, whether they are regarded as clerks or partners,

that he, Bowles, was a member of the firm that purchased the goods.

We think the evidence fails to establish a partnership *inter se.*

If Bowles can be held liable as a partner to appellant, his liability must arise by implication from the course of dealing between the parties and his own conduct, by which appellant was authorized to consider him a partner.

It is said to hold one's self out to the world means so to hold one's self out as to justify anybody and everybody in believing him a partner. (Parsons on Part., 119.) "Thus, if a person should expressly hold himself out as a partner, and thereby should induce the public or particular persons to give credit to the partnership, he would be liable as a partner for the debt so contracted, although he should in reality not be a partner." (Story on Part., 65.)

It was shown on the trial that the goods were of a kind frequently bought by commission merchants, and that some of the goods may have been used by the banking house; that the firm name of P. R. Smith & Co. was over the door, and part of the time both branches were carried on in the same house, the banking business being done up stairs during that time. In the bill or letter heads and published cards appears the firm name of "P. R. Smith & Co., bankers and commission merchants," "C. A. Sterne and J. J. Adams, (late J. J. Adams & Co.,) with P. R. Smith & Co.," followed by advertisement of dry goods, &c., on hand. The evidence for the defendant has been noticed in another connection, to which may be added the statement of C. A. Sterne, one of the partners, that the goods were bought on Adams' order, and in part by himself.

Bowles' name does not appear in the published cards or the letter heads of the company. The names of P. R. Smith, C. A. Sterne, and J. J. Adams do appear, and as to them the public or individuals may have had notice, but certainly not as to O. P. Bowles, whose name was not dis-

closed. (Compton v. The Western Stage Company, 25 Tex. Supp., 78; McFarland v. Wofford, 16 Tex., 610.)

The evidence, we think, fails to bring Bowles under a general liability by merely being a partner in a company having the same firm name. A party may incur that liability where the business is conducted in such a way as to justify the inference of an identity of interest between the parties. And it was so held in the case of Spencer v. Billing, 3 Camp., 310. This, it is thought, is not a case of that character. Besides, the jury, under the evidence and the charge of the court, have found that Bowles was not liable.

It does not appear that Bowles held himself out specifically to appellant, or that appellant knew that he was a member of either firm, or that he sold the goods to the firm believing that Bowles was a partner.

Where a party holds himself out as a partner when he really is not one, the rule, says Parsons, must be that every one who authorizes another to believe him a partner is, as to the person so authorized, a partner; but it must also be true that this authorization must be such as would be so regarded by a reasonable and fair man; and a mere conjecture that a man is a partner, even from circumstances tending that way, is not sufficient to hold him as such. (Pars. on Part., 123, 124; Baker & Hart v. Nappier and Wife, 19 Ga., 520.)

In this case the court say: "A merchant in dealing with a person known to him to be a member of two different firms and in respect to goods suitable to either firm, would in general be in the exercise of no more than ordinary care if he called on that person to know which was the firm he was dealing for. And if, without making such inquiry, the merchant should sell the person the goods, thinking him to be acting for one firm when he was acting for the other, the merchant could in general hold only the firm for which the person was really acting liable."

Appellant says that he was not aware of the withdrawal

of Bowles from the firm until late in the spring of 1872, at about the time the credit of the firm began to be questioned. It is well settled, if a known partner should silently withdraw from the partnership without giving notice, he would still remain liable to persons who should continue to deal with the firm upon the faith that he still remained a partner. But this is not applicable to the present case. Appellant's account with Smith & Co. had been closed, and appellant was not seeking to hold Bowles responsible for goods sold the firm after his withdrawal from it. (Story on Part., 65.)

To hold Bowles bound it must be shown that he was a partner in the firm that purchased the goods, or if he was not in fact a partner, that he so held himself out to the public at large, or to appellant in particular, as authorized him to believe he was a partner, and thereby induced him to make the sale and part with his goods.

The jury in effect find that he was not liable in either phase in which it was sought to charge him as a partner. Under the previous and well-established rulings of this court we cannot say that their verdict is unsupported by the evidence.

If the charge to the jury was not satisfactory objection should have been taken to it at the time it was given, or further instructions should have been asked. This was not done, and it not appearing that the jury was misled by the charge, the objection comes too late. (Converse v. McKee, 14 Tex., 20; Farquhar v. Dallas, 20 Tex., 200; Thompson v. Payne, 21 Tex., 621.)

We do not understand the judge as charging that a partner is not responsible for the contracts of the firm unless he is known to the creditor of the firm as a partner. The charge is not liable to that objection. Nor did the court err in admitting the evidence offered by the defendant in support of his answer because it was not sworn to, or because no predicate was laid for the admission of the evi-

dence.   The cases in which it is necessary to support the plea or answer by the oath of the party are specified in articles 1443 and 1444, Paschal's Digest.   These articles do not apply to a case like the present one.   The partnership was put in issue by the pleadings without being sworn to. (Compton *v*. Western Stage Co., 25 Tex. Supp., 78 ; Fowler *v*. Davenport, 21 Tex., 634.)

The judgment is affirmed.

AFFIRMED.