Van Brunt, P. J.
This action was brought against the defendant Jose de Rivera as maker, and the other defendants as indorsers of a promissory note. The indorsees were Jose de Rivera & Co., and it was alleged in the complaint that the defendant King was a member of that firm. The answer of the defendant King contained a denial that he was such partner, and the issue presented by the pleadings related to the question of partnership and the indorsement by the firm of Jose de Rivera & Co.
The plaintiffs proved that the signature of the note in question was by Jose de Rivera, and that the endorsement Jose de Rivera & Co. was in the handwriting of Henry C. de Rivera, who had been for twenty years in business under the firm name of Jose de Rivera & Co.; that Jose de Rivera was a member of that firm when it was originally established, and subsequently one Antonia Ros came in, who went out in 1878; and that then a copartnership was formed with Salvator Ros for a part of the business, and with the defendant King for a part. Articles of copartnership were entered into on the 1st day of January, 1878, between the said Henry 0. de Rivera and Salvator Ros, which provided that Salvator Ros was to be admitted as a partner in the firm of Jose de Rivera & Co., and that he should contribute certain capital. Provision was also made in reference to the division of the profits and liquidation. Upon the same day an agreement was entered into between Antonio M. Ros and Henry 0. de Rivera composing the firm of Jos de Rivera & Co. and the defendant Percy R. King, by which King was admitted as a partner of the firm, his risk and interest however to be limited to such business as he might directly or indirectly bring to the firm. King was to contribute the amount of capital required to carry on the business brought by him, and was to receive as his share of the business he brought a certain proportion of the net profits from said business. The losses upon the business brought by King were also to be divided in certain proportions.
It appeared from the evidence that the money which Mr. King as capital put in went into the general bank account of the firm; that the checks which were drawn in the business of Rivera & Co., whether the business was that which came to the firm through King or other sources, were drawn on the bank account of the firm of Jose de Rivera & Co.; that the firm name of Jose de Rivera & Co. was up at their place of business, and that on the pillars as you *72 went up stairs were the individual names of the members of the firm of Jose de Rivera & Co., and among them Mr. King’s cards were issued with King’s name on them as a member of the firm. He attended to a part of the buying for the firm and a part of the selling. Either partner signed checks for the firm as well in respect to that business which came through him as generally. Receipts were signed and orders were executed in the same manner. Letters were also signed by each member of the firm that were written in respect to the business of the firm. Whatever distinction was made as to the different interests of the firm, was made in the method of keeping the accounts and not in the method in which the business of the firm itself was transacted.
Testimony was offered to show that representations were made to divers mercantile agencies as to the position of this firm in which Mr. King’s name was mentioned as a member of the firm. But this evidence connot be considered upon this question as to whether Mr. King was a. partner or not, because there is no evidence that he was aware of the fact of such representations being made, or that he authorized any such representations. It was also attempted to be proved upon the part of the defendant that the money arising from the discount of the note in question by the plaintiff was not used in any way in connection with the business influenced by Mr. King.
From this state of facts it would appear that Mr. King was admitted as a member of the firm of Jose de Rivera & Oo. He signed letters, checks and receipts as a member of that firm indiscriminately, whether relating to business influenced by himself or not; and he assumed all the duties and rights of a partner in that firm.
Under these circumstances, it is entirely immaterial as to third persons dealing with the firm, what the particular arrangements in reference to the relation of the various partners to each other and to the business of the firm were. The firm between themselves might restrict the rights or interests of any partner to any particular branch of the-business. But such restriction would in no way affect his obligations as a member of that firm to persons dealing with the firm. Parties might form a co-partnership, providing that one of their members should not be responsible for any losses which might occur in the business of the firm; but such an agreement would not shield him from the obligation of a partner to respond to the creditors of the firm. So in the case at bar the defendant King seems to-have been a member of the firm of Jose de Rivera & Oo., exercising all the rights of a partner; and although his interest may have been restricted as between himself and the- *73 other members of the firm by the limitations of the articles of co-partnership, he was still a partner in the firm of Jose de Bivera & Co., and consequently hable for its debts.
The cases of Oliphant v. Matthews (16 Barb., 603), and National Bank of Chemung v. Ingraham (58 id., 290), were cases of dormant partners where the partnership did business in the name of one, and the paper was issued in the name of an individual. Under such circumstances the court held that it was necessary to show that the credit was given to the partnership. The same was held in the case of the U. S. Bank v. Binney, 5 Mason, 176, and to the same effect were the cases of Palmer v. Elliott, 1 Cliff., 63; and the Manufacturers Bank v. Winship, 5 Pick., 11; Fosdick v. Van Horn, 40 Ohio, 459.
In the case of Hastings v. Hibbard (43 Mich., 452), the finding of the jury was that in the making of the loan the credit of the original partners was exclusively relied upon and that the original firm had not been changed.
The case of Cushing v. Smith (43 Texas, 261), was one in which two firms of the same name did business in the same town, and the defendant who was a partner in one firm but not in the other, was sued as a member of the firm to which he did not belong for the value of goods that had not been purchased by him individually and with his authority.
It was held that he could not be held liable as a partner in the firm to which he did not belong unless the two firms conducted their business in such a manner as to justify the conclusion by their customers that there was an identity of interest. The latter case seems to be a direct authority in support of the proposition that the defendant is hable in the case at bar. There were not two firms of Jose de Bivera & Co. There was no pretense of the existence of any other firm; and upon the entrance to the office Mr. King allowed himself to be represented as a member of the firm of Jose de Bivera & Co. He, by acting as a member of that firm in ah the business of that firm, so conducted himself as to justify the conclusion that he was a partner for all purposes.
In all the cases cited it appeared that the credit was given to the ostensible partners, and that at the time of extending the credit the creditor had no knowledge of the existence of the dormant partner. In the case at bar it appears, however, that the plaintiff knew that the defendant King was a member of the firm of Jose de Bivera & Co., or had reason so to beheve, and it was with that understanding that the credit was extended to that firm.
The judgment and order denying the motion for new trial should, therefore, be affirmed, with costs.
*74 The appeal from, the order setting aside the judment does not appear to have been well taken. It appears from the papers submitted that judgment was entered by mistake, and upon being satisfied of that fact, the court had a right to set aside the judgment and thus relieve the plaintiffs from the effect of that judgment in depriving them of their right of action against all the members of the firm of Jose de Rivera & Co.
This order should, therefore, be affirmed, with ten dollars costs and disbursements.
Daniels and Brady, JJ., concur.