### SCHAEFFER v. SPECKELS.

#### No. 7635.

Court of Civil Appeals of Texas. Austin.
July 22, 1931.

Rehearing Denied Sept. 23, 1931.

George Clark, of Waco, for appellant.

E. H. Lawhon, of Taylor, for appellee.

BLAIR, J.

Appellant, Otto W. Schaeffer, sued appellee J. A. Speckels to recover $308 as unpaid salary due under a contract of employment with a bakery shop in Waco, Tex., alleging three grounds of recovery as follows:

1. That appellee and his brother Gus Speckels operated the business as a partnership under the name of Speckels Home Bake Shop, and that J. A. Speckels as a partner was therefore personally liable for the salary due appellant.

2. That if the bakery shop was not operated as a partnership, then it was held out to him as a partnership; that he remained in the employment relying upon the individual liability of the partners, said reliance and belief having been induced by the action of Gus and J. A. Speckels from the manner in which they operated the business; and that appellee was thereby estopped to deny the partnership or his personal liability for its debts.

3. That after appellee J. A. Speckels purchased an interest in the business he agreed that if appellant would continue in the employ of the bakery shop as baker and foreman, he (appellee) would personally assume payment of past and future salary due appellant.

Appellee answered under oath, denying that the business was a partnership, and alleged it to be a corporation operated under the name of Waco Baking Company; and especially denied personal liability for the debt under either the alleged estoppel to deny the partnership, or the alleged promise to pay the debt if appellant would continue in the employ of the bakery shop.

The special issues submitted and the answers of the jury thereto are as follows:

"1. Was the Bakery business in Waco, Texas, about which the witnesses in this case testified, operated as a corporation or as a partnership after J. A. Speckels bought an interest in said business? (Answer this question by writing in your verdict either 'corporation' or 'partnership.')"  Answer:  "Partnership."

"2. Did J. A. Speckels, either by word or conduct, knowingly cause the plaintiff, Otto W. Schaeffer, to believe that he was employed by a partnership, if said Schaeffer did so believe? (Answer this question 'Yes' or 'No.')" Answer:  "No."

"3. In dealing with said bakery concern did plaintiff Otto W. Schaeffer rely upon its being a partnership? (Answer this question 'Yes' or 'No.')"  Answer:  "No."

"4. Do you find from a preponderance of the evidence that on or about November 8th, A. D. 1929, J. A. Speckels made the offer to the plaintiff, Otto W. Schaeffer, that if he, the said plaintiff would continue in the employ of said bakery shop, that he, the said J. A.

Speckels would personally assume the payment of all the past and future salary installments which the said bakery shop should owe the said Otto W. Schaeffer? (Answer this question 'Yes' or 'No.')" Answer: "No."

Both parties filed motions for judgment upon the jury's findings. The court granted the motion of appellant and accordingly entered judgment against appellee for the amount sued for with interest. Appellee then filed a motion to set aside the order granting appellant's motion for judgment as well as to set aside the judgment entered, and prayed that judgment be rendered for him. These motions were granted during the term at which the case was tried, and judgment was rendered that appellant take nothing by his suit against appellee; hence this appeal.

One main question determines the appeal. It is the contention of appellant that the effect of the jury's answer to special issue No. 1 was to find the bakery business to be a partnership in fact, thereby establishing the personal liability of appellee as a partner for the partnership debt. Appellee by counter propositions contends that the court did not submit to the jury the issue as to whether the business was a partnership or a corporation, but assumed under the undisputed evidence that the business was a corporation; and that special issue No. 1 merely submitted one element of appellant's estoppel plea that the business was operated or held out to him as a partnership; and that since the jury answered the other necessary elements of estoppel unfavorably to appellant, and found that appellee did not assume or promise personally to pay appellant's salary, the court rendered the only judgment it could have rendered in conformity to the special findings of the jury.

We have reached the conclusion that special issue No. 1 did not submit the question of whether the business was in fact a corporation or a partnership; but that the court assumed in submitting the issue that it was a corporation and asked the jury to find whether it was "operated" as a corporation or a partnership. Appellant made no objection to this issue as not submitting the question of whether the business was in fact a corporation or a partnership. The language of the issue, "Was the bakery business * * * operated as a corporation or as a partnership," does not in effect submit the issue of whether the business was in fact a corporation or a partnership; but only submits the issue of whether the business was operated as a corporation or as a partnership. This is manifest in view of the fact that the undisputed evidence showed the business to be a corporation, and the only disputed issue was whether the business was held out to appellant or operated in such manner as to cause him to believe it was being operated as a partnership. The fact that the

court defined a corporation and a partnership in connection with the issue is not any evidence that the issue in effect submitted the question of whether the business was in fact a corporation or a partnership, because such definitions were just as necessary in determining whether the business was merely held out or operated as a partnership or as a corporation. Nor is the fact that the trial court stated as grounds for overruling appellee's original motion for judgment "that said defendant is seeking to avoid the ordinary legal effect of owning an interest in a business which, according to the verdict of the jury, was conducted as a partnership," any evidence that court intended by the special issue to in effect submit the question of whether the business was in fact a corporation or a partnership. The statement rather indicates that the trial court reached the erroneous conclusion that although a business was in fact a corporation, still if it was conducted as a partnership, it would in fact become a partnership. Such is not the law. The business still remains a corporation, but the parties operating it or holding it out as a partnership may be liable as partners under the doctrine of estoppel to deny the partnership, which doctrine as applicable to this case is stated as follows by the authority 20 R. C. L. 1067 and 1068, §§ 313 and 314:

" * * * Persons holding themselves out as partners are liable only to those who have been misled and have acted on the faith of the appearance thus produced or given credit to an apparent partnership in ignorance of the actual facts, and in the belief that those held out as partners were in fact members of the firm."

"Such holding out is immaterial as against a third person who had knowledge also of the real relation of the parties and that no partnership in fact existed."

"One not in fact a partner cannot be made liable to third persons on the ground of having been held out as a partner except when such holding out is done by him or by his knowledge and consent."

To the same effect are the following cases: Cushing v. Smith & Co., 43 Tex. 261; Burrows v. Grover Irr. Co. (Tex. Civ. App.) 41 S. W. 822; Studebaker Corporation of America v. Dodds & Runge, 161 Ky. 542, 171 S. W. 167.

The jury found in answer to special issue No. 2 that appellee did not by word or conduct knowingly cause appellant to believe he was employed by a partnership; and in answer to special issue No. 3, that appellant did not rely in his dealings with the business upon its being operated as a partnership. Judgment was accordingly rendered for appellee in conformity to these special findings of the jury, which the evidence fully supports. Nor did the court err in this connection in setting aside the erroneous judgment entered

first in favor of appellant, and in entering at the same term judgment for appellee in conformity to the special findings of the jury. Such was the only legal judgment the trial court could have entered. Hooker v. Williamson, 60 Tex. 524; 6 Vernon's Ann. Statutes (article 2202), and cases cited under subdivision 6.

Appellant's contention is not sustained that the court erred in overruling his exceptions and objections to the court's main charge, because he reserved no exception to this action of the court. Nor did the court err in that connection in refusing appellant's requested special issues Nos. 2, 3, and 4. These issues present appellant's plea of estoppel to deny the partnership and only differ materially from the issues submitted by the court by eliminating the question of whether the business was "knowingly" held out by appellee J. A. Speckels as a partnership. In this the requested issues were erroneous, and therefore properly refused. The rule is as above stated, that one not in fact a partner cannot be held liable "on the ground of having been held out as a partner except when such holding out is done by him or by his knowledge and consent." Texas & P. Ry. Co. v. Whittington (Tex. Civ. App.) 292 S. W. 966; Childress v. Pyron (Tex. Civ. App.) 285 S. W. 1100. And since the main charge covered all other questions submitted by the requested issues, there was no error in refusing them. Rice v. Garrett (Tex. Civ. App.) 194 S. W. 667; Southwestern Tel. & Tel. Co. v. French (Tex. Civ. App.) 245 S. W. 997; Richardson v. Wilson (Tex. Civ. App.) 178 S. W. 566.

Then, too, the jury found that appellant did not rely upon the fact that said bakery was being operated as a partnership in his dealings with it, which issue and the jury's finding thereon are in no way attacked, and such finding precludes a recovery by appellant under the authorities above cited.

We find no error requiring the reversal of the judgment of the trial court, and it is affirmed.