**COX ENTERPRISES, INC., d/b/a Austin American-Statesman, Appellant,**

**v.**

**Richard FILIP and Jack Elliott, d/b/a Trans Texas Properties, Appellee.**

**No. 12430.**

Court of Civil Appeals of Texas, Austin.

June 30, 1976.

John T. Anderson, Graves, Dougherty, Hearon, Moody, Garwood, Austin, for appellant.

Laird Palmer, Austin, for appellee.

SHANNON, Justice.

Appellant, Cox Enterprises, Inc., doing business as Austin American-Statesman,

filed suit in county court at law of Travis County against Richard Filip and Jack Elliott, doing business as Trans Texas Properties. Appellant's suit was on a sworn account for $622.78, and attorney's fees, for newspaper advertising services furnished to Trans Texas Properties allegedly at the request of Filip and Elliott. After trial to the court, a take-nothing judgment was entered in favor of Elliott, and a judgment for $622.78 and attorneys' fees was entered against Filip in favor of appellant. Appellant has taken an appeal from the take-nothing judgment in favor of appellee Elliott. We will affirm the judgment.

Appellee's basic defense to appellant's suit was that he had no financial interest in Trans Texas Properties and was not liable for debts of that business.

Upon request, the court filed findings of fact and conclusions of law. With regard to appellee's defense, the court found that Filip was owner of Trans Texas Properties and that appellee Elliott had no character of ownership interest therein. In order to obtain credit for Trans Texas Properties, its employee, Tracey Peoples, represented to appellant that appellee Elliott was an owner of the business. Peoples had no authority from appellee to make that representation. Although appellant relied upon Peoples' representation in extending credit and rendering the advertising services to Trans Texas Properties, appellant made no effort to verify the accuracy of the representation. Moreover, appellee did not hold himself out to appellant as having an ownership interest in Trans Texas Properties.

The court concluded that Filip, as owner of Trans Texas Properties, was liable to appellant for the advertising services. The court concluded further that Elliott was not liable because he was not an owner of Trans Texas Properties, because he did not hold himself out as an owner of that business, and because he did not authorize anyone to represent him as an owner of Trans Texas Properties.

Upon appellant's request for additional findings and conclusions, the court found that in the exercise of ordinary care, Elliott should have known that Peoples told appellant that he was an owner of Trans Texas Properties.

■ Appellant claims error by two points. Point of error one is that the court's finding that Elliott did not authorize Peoples to tell appellant that he was an owner of Trans Texas Properties was so against the great weight and preponderance of the evidence as to be manifestly unjust.

Point of error one requires this Court to consider and weigh all of the evidence and to set aside the court's finding and remand the cause for a new trial if this Court concludes that the finding was so against the great weight and preponderance of the evidence as to be manifestly unjust, regardless of whether the statement of facts contains some "evidence of probative force" in support of the finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951), Garwood, *The Question of Insufficient Evidence on Appeal,* 30 Texas L.Rev. 803 (1952).

Peoples, the employee of Trans Texas Properties, completed and delivered a credit application to appellant to obtain newspaper advertising from appellant. The credit application listed Elliott as an owner of Trans Texas Properties. With respect to her authorization to make that representation, Peoples testified that Elliott was aware that his name was on the credit application filed with appellant. Elliott testified, to the contrary, that he did not authorize Peoples to represent to appellant that he was an owner of Trans Texas Properties.

In the proper exercise of its function, the court considered the testimony and refused to believe the testimony of Tracey Peoples, and obviously relied upon the testimony of Elliott. The court's finding was not so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust.

Appellant's other point of error is that the court erred in not entering judgment for appellant predicated upon the court's

finding of Elliott's failure to exercise ordinary care to discover that he had been held out to appellant as an owner of Trans Texas Properties.

Appellant's argument is bottomed upon the Texas Uniform Partnership Act, Tex. Rev.Civ.Stat.Ann. art. 6132b, § 16(1) (1970). Section 16(1) provides as follows:

"§ 16. Partner by Estoppel

"Sec. 16. (1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made . . . ."

Prior to the enactment of the Texas Uniform Partnership Act, the rule in Texas was that for liability to be based upon partnership by estoppel, it must be established that the person held out as a partner knew of, and consented in fact to the holding out. *Schaeffer v. Speckels*, 42 S.W.2d 153 (Tex.Civ.App.1931), *reversed on other grounds*, 62 S.W.2d 85 (Tex.Comm'n App. 1933, holding approved).

Section 16(1) codifies and enlarges upon the common law of partnership by estoppel. That section imposes a duty on a person to deny that he is a partner once he knows that third persons are relying on representations that he is a partner. We do not read section 16(1) as creating an affirmative duty upon one to seek out all those who may represent to others that he is a partner.

Appellant argues that § 16(1) means that one who negligently holds himself out or permits himself to be held out as a member of a partnership relationship is estopped to deny such partnership relationship as against third persons who in good faith relied on the existence of such apparent partnership and extended credit thereon. *Branscome v. Schoneweis*, 361 F.2d 717 (7th Cir. 1966). In *Branscome*, the Seventh Circuit construed Ill.Rev.Stat. ch. 106½ § 16(1) (1952), which is identical to the Uniform Partnership Act and Tex.Rev.Civ.Stat.Ann. art. 6132b, § 16(1) (1970). The court held Schoneweis personally liable for debts of the company because *he* negligently held *himself* out to be a partner.

In the case at bar, and in the terms of § 16(1), appellant's factual theory was that appellee consented to Peoples' representation to appellant that appellee was a partner in Trans Texas Properties. Appellant, however, failed in its burden to convince the trier of fact that appellee consented for Peoples to represent that appellee was a partner in Trans Texas Properties. Appellant's point of error is overruled.

The judgment is affirmed.

Affirmed.