J. F. Smith, Guardian v. E. G. Thornton et al.

No. 5389.   Decided June 25, 1930.
(29 S. W., 2d Series, 314.)

*Barker & Orn, Fred T. Arnold,* and *Taylor, Muse & Taylor,* for relator.

*L. C. Counts, F. G. Thornton, Marshall & King, W. E. Forgy,* and *W. L. Scott,* for respondents.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

This cause was tried at the regular December term, 1928, of the district court of Young County, before Hon. E. G. Thornton, judge of the 30th judicial district.   It was submitted to the jury on special

issues, all of which were answered favorably to plaintiff in the court below. On the same day judgment in favor of plaintiff was duly entered in accordance with the findings of the jury.

Under the law the term of the district court at which the judgment was rendered convened on the first Monday in December (December 3rd, 1928), and could continue by law in session for four weeks, closing by operation of law on December 29th, 1928.

On December 24th, 1928, the Honorable E. G. Thornton, district judge before whom the case was tried, having resigned, the governor appointed as his successor the Honorable Allan D. Montgomery, who immediately qualified.

On December 27th, 1928, defendants' motions for new trial were considered, (Judge Thornton being present in an advisory capacity with Judge Montgomery) and the following order was entered:

"This the 29th day of December, 1928, came on to be heard the several motions for new trial on behalf of the defendants and it appearing to the court that neither the plaintiffs nor their counsel appeared or were accessible to the court and that the commission heretofore appointed by the court to divide and partition the property in controversy were not ready to file a report herein at this term so that all matters in controversy could be concluded by the court.

"It is therefore considered by the court on his own motion that the judgment and decree heretofore entered on December 7th, 1928, in this cause now of record in Vol. 9, pages 43 and 44 of the minutes of this court be and the same is hereby withdrawn and this cause is hereby held in abeyance and will be held under advisement until the March term of this court in 1929, and that no judgment of the court on the verdict and findings of the jury and on the motions is rendered at this present term of court."

Nothing further was done at the December 1928 term, which adjourned on December 29th, 1928, except the entry on the judge's trial docket of the following order:

"12–29–28. Order judgment heretofore entered be withdrawn and expunged from records and that the motions be held under advisement by the court and continued to the March 1929 term of this court."

The next term of court convened at Graham on March 4th, 1929, and continued in session for four weeks. At that term defendants' motions for new trial came on to be heard on March 13th, 1929. Before the court heard the defendants' motion for new trial, the

plaintiff presented his motion to re-enter the judgment entered on December 7th, 1928, as of December 7th, 1928, and also presented a form of judgment being the same as that entered on December 7th, 1928. Plaintiff's motion for judgment was sustained and the same was entered as prayed for.

After entering such judgment defendants' motions for new trial (which had been refiled as of that date) were considered and granted and the judgment of the court and the verdict of the jury were set aside and a new trial granted.

Relator, who was the plaintiff below, has filed in the Supreme Court, an original application for a writ of mandamus against the District Judge of the 30th Judicial District in which he seeks the following relief:

"That he have judgment compelling and requiring E. G. Thornton and Allan D. Montgomery to withdraw the judgment entered by them on March 13, 1929, and that they be compelled and directed to withdraw the order granting the Defendants a new trial, entered on March 13, 1929, and that they be compelled and directed to withdraw the order entered on December 29, 1928, withdrawing and expunging the judgment from the record.

"And, in the alternative, Relator prays that the said Respondent E. G. Thornton and Allan D. Montgomery, or either of them, be directed to grant Relator's motion to enter the judgment nunc pro tunc, and that the same Respondents be directed to enter said judgment nunc pro tunc as of December 7, 1928, and that they be directed to appoint the Commissioners to partition the property, all in accordance with the judgment nunc pro tunc, and that they be compelled and directed to withdraw the judgment entered March 13, 1929, granting the Defendants a new trial; and that said Respondents be cited to show cause why said Writ of Mandamus should not issue and for such other and further relief as may be proper, and for all costs in this behalf expended."

When the court rendered judgment upon the findings of the jury at the December term, the verdict and judgment became merged, hence the court's action in setting aside the judgment operated to set aside the verdict and to grant a new trial. The case now stands upon the docket as if it had not been tried. Brown v. Capitol Townsite Company, 21 Okla., 586, 96 P., 587; Levy v. Chittendon, 120 Ind., 37, 22 N. E., 92; Prince v. Lynch, 38 Calif., 528, 99 Am. Dec., 427; 8 Enc. P. & P. 950.

The setting aside of the judgment at the December term being tantamount to granting a new trial, another judgment could not properly be entered without a trial. Brown v. Capitol Townsite Co., supra.

While the orders entered at the March term 1929 are void, it is unnecessary that the writ issue to compel the district judge to set such orders aside as their only purport was to grant a new trial and leave the case in the exact status we have held it to be by reason of the court's withdrawal of its decree at the December term, 1928.

We recommend that relator's petition for writ of mandamus be denied.

The opinion of the Commission of Appeals is adopted and mandamus refused.

*C. M. Cureton,* Chief Justice.