## SCHAFFER v. SPECKELS.
### No. 1445—6111.

Commission of Appeals of Texas, Section B.
June 24, 1933.

George Clark, of Waco, for plaintiff in error.

Wilcox & Graves, of Georgetown, and E. H. Lawhon, of Taylor, for defendant in error.

SHORT, Presiding Judge.

The plaintiff in error brought this suit against the defendant in error to recover from him $308 as the only solvent member of an alleged partnership. Upon a trial to a jury, in answer to a special issue that the business for which the plaintiff in error worked was operated as a partnership, the court entered a judgment in favor of the plaintiff in error against the defendant in error for the amount sued for, with interest and costs of suit. After the entering of this judgment, the court, at the same term, set it aside on motion of the defendant in error, and entered a judgment that the plaintiff in error take nothing. A motion for new trial having been overruled, the case was appealed to the Court of Civil Appeals of the Third Judicial District, where the judgment of the county court, in favor of the defendant in error, was affirmed. 42 S.W.(2d) 153. The case has reached the Supreme Court on account of the fact alleged that the judgment of the Court of Civil Appeals was in conflict with the opinions of some of the other Courts of Civil Appeals.

Inasmuch as we think all the issues submitted to the jury, except the issue of partnership, became immaterial by reason of the fact that the jury found the business to have been operated as a partnership, and inasmuch as we find this was a controverted issue, we have reached the conclusion that none of the matters discussed by the Court of Civil Appeals, except that involving the question of partnership, are necessary to be discussed by us. As the issue of partnership was submitted without objection, we confine our discussion of the case to the legal effect of the trial court's action in first entering the judgment in favor of the plaintiff in error and thereafter, at the same term, setting aside this judgment and entering the judgment in favor of the defendant in error. We think the legal effect of the action of the court was to grant a new trial in the case. Its attempted rendition of a judgment in favor of the defendant in error was a nullity. This question has been heretofore decided by the Commission of Appeals in two cases. Smith v. Thornton, 119 Tex. 344, 29 S.W.(2d) 314, and Wichita Falls Traction Company v. W. W. Cook, Judge, 60 S.W.(2d) 764, 767. In the case last cited we said, among other things: "Article 2232, R. S. 1925, authorizes trial courts to grant new trials and to set aside judgments for good causes on such terms as the court shall direct, and provides that such motion shall be made within two days after the rendition of the verdict if the term of court shall continue so long; if not, then before the end of the term, and may be amended under leave of the court. We find in this article all the law authorizing the court to give relief to a defeated litigant. The granting of a new trial means that the case shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had. If the court thinks that the ends of justice have not been attained by the verdict of the jury, it is clearly its duty to set aside the judgment rendered on the verdict. Texas & P. R. R. Co, v. Casey, 52 Tex. 112. A trial by a jury is a lawful right given to litigants, and, when that right

has been invoked, the procedure incident thereto must be followed. It is the peculiar province of the jury to find the facts of the case, and no court has the right to substitute its own findings of fact and render judgment thereon in opposition to the findings of fact by a jury. It can only set aside the verdict of the jury and the judgment rendered thereon, the effect of which is to reinstate the case upon the docket in the same situation as it was before there was a trial."

The conclusion reached in Smith v. Thornton, supra, and in Wichita Falls Traction Company v. Cook, Judge, supra, is decisive of the only question necessary to be discussed in this case, as the way the jury answered that issue it was decisive of the controversy between the parties.

We recommend that the judgment of the Court of Civil Appeals, affirming that of the county court, be reversed, and that the case be remanded for a new trial.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals and that of the county court reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.