## DE RAMIREZ v. SOVEREIGN CAMP, W. O. W.

### No. 3776.

Court of Civil Appeals of Texas. El Paso.
Dec. 22, 1938.

Rehearing Denied Jan. 12, 1939.

J. R. Cade, of San Antonio, for appellant.

Henry, Bickett & Bickett, of San Antonio, for appellee.

NEALON, Chief Justice.

Librada G. de Ramirez, appellant, who will hereinafter be described as plaintiff, sued Sovereign Camp of the Woodmen of the World seeking to collect on a policy of insurance issued by it upon the life of Nicolas Ramirez, which named his wife, the plaintiff herein, beneficiary. The certificate of insurance was issued September 13, 1932. Insured died November 18, 1933, after having been sick about one week. Defendant defended solely upon the ground that the insured, failed to pay the assessment called for by his certificate for the month of October, 1933, and therefore became suspended under its Constitution and By-Laws, and did not become reinstated by paying the assessment in question on November 17, 1933, he not being in good health at that time. The Constitution and By-Laws of defendant provided, among other things, that payment of monthly installments of assessments should be made on or before the last day of the month to which they applied. When payment was not made on or before the last day of the month insured became automatically suspended and his certificate void. Further provisions were to the effect that after suspension because of non-payment the insured might, if in good health, within three calendar months from the date of the suspension, again become a member of the Association by the payment of the current installment of assessment and all installments which should have been paid to maintain him as a member, that such payment should constitute a warranty that the member making it was in good health and would remain in good health for thirty days subsequent to his attempt to again become a member; that such payment should be received and retained without waiving any of these provisions or of the laws of the Association until such time as the Secretary of the Association should receive actual, not constructive or imputed, knowledge that the person was not in fact in good health when he attempted to again become a member; and that receipt and retention of payment of such installment in the event one was not in good health should not make him a member or entitle him or his beneficiaries to any rights. Neither the insured nor any one for him paid the October, 1933 installment during the month of October. On November 17, 1933, the day before insured died, plaintiff caused the October and November assessments to be paid to the Clerk of the local Camp of defendant. After his death defendant, through its District Manager, tendered to plaintiff its check for $4.38 covering the assessments for the two months. It was refused. Nothing else was tendered her or paid to her by defendant.

Appellee had accepted payments from insured, or his representative, after the current month for which they were paid and without the requirement that current assessments be then paid upon the following dates: June 2, 1933, June 8, 1933, July 17, 1933, August 21, 1933, and October 17, 1933. There was evidence from which the jury might infer that said payments were all made after the specified time and after automatic suspension would result from strict enforcement of the Constitution and By-Laws. No tender of any of the assessments except those paid on November 17, 1933 was proved.

The court submitted only one issue to the jury, and that was whether defendant waiv-

ed the provisions of the contract with reference to the payment of dues or assessments within the calendar month for which they came due under the contract. The jury answered this question favorably to plaintiff. Each party filed a motion for an instructed verdict. The verdict was returned February 4, 1938. February 5, 1938, defendant filed its motion for judgment non obstante veredicto, which was overruled February 17, 1938. March 2, 1938 the court heard and granted defendant's motion for a new trial, sustained defendant's motion for judgment non obstante veredicto and entered judgment accordingly that plaintiff take nothing by her suit. From this judgment plaintiff appeals.

### Opinion

Appellant contends that the judgment of the District Court should be reversed because she was not given notice of the filing of the motion for judgment non obstante veredicto. In Hines v. Park, 128 Tex. 289, 96 S.W.2d 970, affirming the judgment of this Court, the Commission of Appeals, in an opinion approved by the Supreme Court, held that strict compliance with Article 2211, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2211, was essential to a valid judgment notwithstanding the verdict. It was there held that notice was an essential requirement without which the court was not authorized to disregard the finding of the jury. In the instant case neither the judgment nor the order originally overruling the motion recited that the parties appeared in person or by attorneys or that notice was given or waived. There is nothing to show that the plaintiff received the notice contemplated by the statute.

It also appears that in the final judgment sought to be rendered, it was first "considered, ordered, adjudged and decreed by the Court that defendants' motion for new trial be and the same is hereby granted and the verdict of the jury and the judgment of the Court thereon in favor of plaintiff are hereby in all things set aside." Following this the court sought to enter judgment non obstante veredicto. It is clear that this was not a judgment notwithstanding the verdict, but a judgment in the absence of a verdict. After new trial is granted the case, as said by the Commission of Appeals in Smith v. Thornton, 119 Tex. 344, 29 S.W.2d 314, 315, "stands upon the docket as if it had not been tried." See, also, Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764, and Schaffer v. Speckels, Tex. Com.App., 62 S.W.2d 85. Plaintiff was thus deprived of a jury trial.

Other assignments have to do with the sufficiency of the evidence. In view of the direction being given the case, it is not necessary to discuss them.

For the errors indicated judgment is reversed and the cause is remanded.