**MARMION v. HERRIN TRANSP. CO., Inc.**

**No. 3431.**

Court of Civil Appeals of Texas. Beaumont.

April 18, 1939.

Rehearing Denied May 3, 1939.

G. C. Bradfield, of Beaumont, for appellant.

John H. Benckenstein and Jack M. Moore, both of Beaumont, for appellee.

COMBS, Justice.

This suit was filed by appellant, W. H. Marmion, as plaintiff, for damages for alleged breach of a contract entered into with appellee, Herrin Transportation Company, Inc., for transporting certain freight from Houston to Beaumont. An attempted appeal from a judgment in favor of plaintiff was dismissed at a former term of this court because the judgment was not final. See Herrin Transportation Company v. Marmion, Tex.Civ.App., 113 S.W.2d 291. In dismissing the case it was suggested in the opinion that defendant's motion for new trial be granted by the trial court for reasons there stated. After the mandate of this court was returned to the trial court, the defendant presented a motion for new trial and for judgment in its favor. The plaintiff also filed a motion for new trial, for permission to amend his pleadings in the light of the opinion of this court, and for a setting and trial of the case. The plaintiff's motion was overruled and the defendant's motion was granted, setting aside the former judgment and entering judgment against the plaintiff and in favor of the defendant on its cross action. The record shows that the judgment was entered without the hearing of any additional testimony. In fact, it is clear from the record that the trial court simply set aside the former judgment and entered the present one on the record and the testimony as developed at the former trial. This appeal is from that judgment.

### Opinion

The judgment will have to be reversed and the case remanded. The authorities settle the proposition that, when a new trial was granted by the trial court, the case stood on the docket for trial as though there had been no previous trial of it. The trial court was without authority to proceed to enter another and different judgment without

trial. Smith v. Thornton, 119 Tex. 344, 29 S.W.2d 314; Wichita Falls Traction Company v. Cook, 122 Tex. 446, 60 S.W.2d 764; Schaffer v. Speckels, Tex.Com.App., 62 S.W.2d 85.

Reversed and remanded.