## PHLYING v. SECURITY BEN. ASS'N, Inc.

No. 5029.

Court of Civil Appeals of Texas. Amarillo.

May 15, 1939.

Rehearing Denied June 12, 1939.

Clifford Craig, of Dallas, for appellant.

Locke, Locke, Stroud & Randolph, Hubert D. Johnson, and McGillivray Muse, all of Dallas, for appellee.

FOLLEY, Justice.

The appellant, Mrs. Bessie Phlying, brought this suit against the appellee, The Security Benefit Association, Inc., to recover upon a $2,000 insurance policy issued on or about December 16, 1935 by the appellee association upon the life of John T. Phlying, the deceased husband of the appellant.

The appellee is a fraternal benefit society of Topeka, Kansas, doing business in the State of Texas. In the application for the insurance the deceased warranted that he was in sound health; that he was not carrying other insurance; that he was not then under care of a physician and had not consulted a physician during the preceding five years; and that he had suffered no personal injuries in the past. The testimony was uncontroverted that the insured at such time was not in sound health; that he was then suffering from chronic myocarditis, high blood pressure and kidney trouble, from which complications he later died; that at no time before his death was he in sound health; that he was carrying other insurance; that he had been under the care of physicians many times during the five year period prior to the date of the application; and that the insured had within two months before the date of the application claimed total and permanent disability from the Provident Life & Accident Insurance Company for injuries received by him in 1935.

The terms of the policy provided that a premium of $6.20 should be paid to the association on the first day of each month during the life of the policy. It was further provided that during the first three years of the life of the policy the failure to pay any monthly premium during the month the first day of which it became due would operate as a forfeiture of the policy, but further stipulated that upon such suspension for non-payment of dues the insured might be reinstated within sixty days by a payment of such delinquent premium provided the insured was then in good health. The testimony showed and the jury found that the assessments for the months of

May and June, 1936 were paid subsequent to the last day of each respective month, that is, such payments were made after the period of grace provided in the policy.

The appellee alleged a forfeiture of the policy by breach of the warranties made in the application, further asserted that the insured's membership in the association became suspended for non-payment of dues within the grace period, and that by reason of the sound health provision in the policy the delayed payments of such assessments did not operate as a revival of the lapsed policy.

The appellant filed a supplemental petition alleging that the association had waived its defenses growing out of the breach of warranty for the misstatements contained in the application. In this connection she alleged that in January, 1936, shortly after the policy was issued, the insured wrote the national secretary of the association a letter informing him of the misstatements contained in the application; that the association's secretary replied by letter expressly waiving the appellee's defenses in regard to such misstatements; and that the insured and the appellant failed to keep a copy of the letter sent to the association or retain the letter in reply thereto. Appellant further alleged that the certificate had not lapsed for non-payment of dues, and that if it had, the appellee's acceptance of the delayed premiums with full knowledge of the condition of the insured's health constituted a waiver of any rights of the appellee in reference thereto, and by such conduct the appellee was estopped to assert such defenses.

The appellee denied having received any letter from the insured and further denied that it had sent any reply thereto. It admitted, however, the issuance of the policy, the death of the insured, the receipt of proof of loss, and the reasonableness of the attorney's fee asked for by the appellant provided the appellee was otherwise liable.

At the conclusion of the evidence the court submitted special issues to the jury upon which the following findings were made: (1) that the insured some time in January, 1936 wrote the letter in question informing the association of the true conditions in regard to his health inquired about in the application; (2) that the insured on or about January 30, 1936 received a letter from the secretary of the association acknowledging receipt of the insured's letter containing the true facts concerning the insured's health, and telling the insured that since the company doctor at Dallas had examined him and passed him as a good risk, and since the insured had told the company in the letter the true facts in regard to the application, that all the insured had to do to keep the insurance in good standing was to pay the premiums on the policy each and every month when they became due; (3) that the assessment for the month of May, 1936 was paid subsequent to the last day of May, 1936; and (4) that the assessment for the month of June, 1936 was paid subsequent to the last day of June, 1936. After the verdict of the jury was returned into court the court himself made further findings, as follows: (1) that under the undisputed competent evidence and the law a verdict for the association should have been directed and the case never submitted to the jury; (2) that there was no competent evidence to support the jury finding number one and such finding might be disregarded by the court; (3) that there was no competent evidence that the letter to the association inquired about in issue number one constituted a full and fair disclosure of the medical history and physical condition of the insured upon which a waiver of the defense of the association might be predicated; (4) that the letter to the association was calculated to deceive and further mislead the association; (5) that by reason of the insufficiency of the information in such letter the association did not have full and complete information upon which a waiver of all of its defenses could have been predicated; (6) that from the undisputed evidence the insured was not in good health during the months of May, June, July, August, September and October, 1936 and could not have gained reinstatement to membership to the association after suspension for the delayed payment of assessments; and (7) that by reason of the findings of the jury in regard to the assessments for May and June, 1936, under the terms of the contract the insured became suspended for nonpayment of monthly assessments and was never reinstated but still suspended at the time of his death. Thereupon, without a motion having been filed for judgment non obstante veredicto, the court rendered judgment for the appellant against the appellee for $64.-50, the amount of dues paid by the insured which sum was tendered into court by the appellee, and, other than this sum, denied the appellant any recovery against the appellee upon the policy. From the judgment

denying her a recovery for the face of the policy Mrs. Phlying has brought this appeal.

It is our opinion that the judgment herein reveals fundamental error on its face. It is true, perhaps, that the testimony fails to fully and adequately support the jury's findings in regard to the contents of the letter alleged to have been sent to the appellee in regard to the condition of the insured's health. The appellant herself testified that it contained no reference to the insured's high blood pressure, his heart trouble or his kidney trouble, but that it only contained statements that he had received several accidents, that he had been under the care of doctors, that he had other insurance, and that his doctors had dismissed him and said he was in "pretty good shape". The only other testimony in the record in regard to the contents of the letter was from the witness, W. M. Thomas. He testified that he read the letter before it was mailed. His version was that the insured stated that he had received an injury to his back; that he had gotten his toe mashed; that he had suffered a heat stroke in the summer of 1935; that he had gotten his eye hurt; that he had been under the care of doctors; that he was in "pretty good health but he was not in the best of health and that the doctor released him in November, 1935"; that he had some total disability suits pending at that time; and that the letter revealed "all about the insured's health" and "everything about his past condition". No where in his testimony did this witness specifically mention high blood pressure, heart disease or kidney trouble, the diseases which are shown to have caused the death of the insured. Therefore, that the appellee was informed as to these diseases could only be inferred from the general statement of this witness that the insured informed the association all about his health and past condition, which, to say the least, was a mere conclusion of the witness. This being the only testimony in the record concerning the letter it is apparent that such evidence does not sufficiently support the finding of the jury on the issue. But this fact, in the absence of a motion for judgment non obstante veredicto, did not warrant the court's disregarding this material finding raised by the pleadings. Article 2211, Vernon's Ann.Civ.Statutes; Hines et al. v. Parks et al., 128 Tex. 289, 96 S.W.2d 970; Massie v. Hutcheson et al., Tex.Com.App., 270 S.W. 544; Waller v. Liles, 96 Tex. 21, 70 S.W. 17; Trad-

ers & General Ins. Co. v. Milliken, Tex.Civ. App., 110 S.W.2d 108; Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449. In the absence of a motion for judgment non obstante veredicto, under the authorities cited, the jurisdiction of the trial court was not invoked in such manner as to authorize him to disregard the finding of the jury upon an issue made by the pleadings, and this is true regardless of the insufficiency of the testimony to support the finding. The trial court was bound by such finding at the time the judgment was rendered.

Therefore, we have a finding of the jury upon sufficient pleadings which, together with the finding made in special issue number two, establishes a waiver of the appellee's defenses as to the original issuance of the policy. These findings, as they stood at the time the judgment was rendered, were to the effect that the association was fully apprized of the condition of the insured's health at the time the letter was received and at all times thereafter during the lifetime of the insured. The acceptance by the association of the delayed assessments under such circumstances, would, we think, under the appellant's plea of estoppel and waiver, so vitiate the findings of the jury in regard to the lapsing of the policy as to raise an issue of fact as to whether or not the association waived its defenses as to the unsound health of the insured on the question of the reinstatement of the policy. If the association waived its defenses in regard to the original issuance of the policy, as found by the jury, it certainly could have waived the same defenses based upon identical facts in regard to the reinstatement of the policy. No issue was submitted to the jury in regard to the waiver by the association of its defenses concerning reinstatement, and under the peculiar facts of this case, this question was a controverted issue upon which the burden rested on the appellee. This fact we shall now attempt to demonstrate.

At the beginning of the trial the appellee read into the record, as revealed by the statement of facts, a motion shown to have been signed by its attorneys of record, which was as follows: "Now, by its attorneys, comes the Security Benefit Association, Incorporated, the defendant in the above styled and numbered cause and files this, its motion for the right to open and conclude the argument in this case, and urges as grounds therefor that under the pleadings filed by the plaintiff and the de-

fendant, and particularly under the admissions appearing in the defendant's pleadings, the burden of proof of the whole case is upon the defendant herein." The trial court granted such motion and indicated that he was doing so under rule 31 of the rules for district and county courts. Under such motion the appellee was further accorded the right to open and conclude in the introduction of the testimony. The appellant made no objection to the motion or to the court's action thereon. It will be noted from the language of the motion that the appellee did not expressly admit that the appellant had a good cause of action as set forth in her petition, as required by rule 31, but the appellee did admit that the burden of proof of the whole case was upon it. If the appellee had definitely admitted that a good cause of action had been pleaded by the appellant, under the authority of the recent case of Snyder Local Mut. Life Ass'n, Group One v. Lemond, Tex. Civ.App., 116 S.W.2d 829, writ refused, the appellant, under the pleadings and the evidence in this case, would have been entitled to a directed verdict and a judgment based thereon. The appellant had specifically alleged that the insurance policy was in full force and effect at the time of the death of the insured. If the appellee meant to admit that such allegation was true, no issues of fact would have remained to submit to the jury at the conclusion of the evidence, and, as was held in the Lemond case, supra, a directed verdict for the appellant would have been warranted. But in such motion the appellee did not specifically withdraw its special denial that the policy was in full force and effect at the time the insured died, unless it could be said by inference that the motion amounted to such an admission by the appellee's assumption of the burden of proof upon all the issues in the case. However, regardless of the effect of the motion in this respect, it conclusively shows on its face that the appellee assumed the burden of proof upon all matters in controversy and was accorded a valuable right by the court for such assumption. This fact, we think, made it incumbent upon the appellee to show, either by uncontroverted testimony or by a finding of the jury based upon sufficient evidence, that it had not waived its defense in regard to the reinstatement of the policy in its conduct in accepting the delayed premiums. This burden, assumed by the appellee in exchange for a valuable right to which it was not otherwise entitled, was

not discharged by the association. This omission, we think, is fatal to the judgment rendered herein. In the condition of the record as it existed at the time the judgment was rendered, in the absence of a motion for judgment non obstante veredicto, it is our opinion the court was only authorized to declare a mistrial. His action, therefore, in rendering judgment denying a recovery upon the policy presents fundamental error.

The judgment is reversed and the cause remanded.