**Dr. A. W. BEAL, Appellant,**

v.

**GREAT AMERICAN INDEMNITY COMPANY et al., Appellees.**

No. 7098.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 24, 1959.

Rehearing Denied March 17, 1959.

---

Allie L. Peyton, C. B. Stanley, Houston, for appellant.

Kemper & Kemper, W. L. Kemper, Houston, for appellees.

CHADICK, Chief Justice.

The appellant, A. W. Beal, as plaintiff in the court below, sued Great American Indemnity Company and W. L. Thaxton, as defendants, to recover the amount he was compelled to pay a third party as the result of an automobile collision and expenses incident thereto, upon allegations that the insurance company and Thaxton negligently failed to defend the action against him by the third party as required under the terms of an insurance policy issued by the appellee Great American Indemnity Company.

After all parties had rested, W. L. Thaxton and the appellee Great American Indemnity Company moved the court to instruct a verdict in their favor and against Beal. This motion was overruled. Thereupon, the court submitted five issues, all of which were answered by the jury, and the jury's verdict was received by the court and filed. Thereafter Beal filed motion for judgment notwithstanding the verdict, therein requesting the trial judge to disregard the jury's answer to Special Issue No. 1 because it was without support in the evidence. The trial court granted this motion.

Judgment was entered awarding Beal a recovery of $4,272.50, interest and costs, against the appellee Great American Indemnity Company, but denying recovery against Thaxton. Appellee Great American Indemnity Company filed an amended motion for new trial which recites the timely filing of its original motion, and then continues:

"* * * this Movent respectfully requests and moves the Court: to set aside the Judgment which on the 14th day of February, A.D. 1958, was heretofore rendered, signed and entered by the Court in this cause; to set aside also the verdict as returned therein by the Jury and as received and ordered filed therein by the Court; and to grant this Movent a new trial in this cause when to all of which action this Movent is justly entitled upon each separately and all of the following grounds:

"I.

"Because the Court erred in having refused to sustain the Motion of this Defendant for Instructed Verdict upon the basis more fully and specifically stated in Ground '(1)' thereof that there was no evidence of probative force to justify a finding by the Jury of any compliance by the Plaintiff with Condition 2 of his Policy and that the evidence conclusively showed that after his having been duly served with citation in Cause No. 464,646, the Plaintiff failed to forward such process in compliance with such Condition of the Policy and thereby so breached the terms and Conditions thereof that he was not entitled to recover by his suit against the Defendant.

"II.

"Because the Court erred in having refused to sustain the Motion of this Defendant for Instructed Verdict upon the basis more fully and specifically stated in Ground '(2)' thereof that there was no evidence of probative force to justify a finding by the jury that the Plaintiff even notified any agent or representative of this Defendant, either immediately after his having been served in Cause No. 464,646 with Citation therein or at any time before the default judgment therein against Plaintiff, of any service of Citation upon him or of his having received any other process or notice of suit in said Cause No. 464,646, and the evidence conclusively showed his having thereby so breached Condition 2 of his Policy that he was not entitled to recover thereupon against this Defendant."

This quoted language was followed by 29 additional paragraphs which are omitted because they have no bearing upon the question for disposition. The motion ends with this prayer:

"Wherefore, having so requested, this Movent respectfully demands and prays that the Judgment as so signed and entered by the Court in this cause on the 14th day of February, 1958, as well as also the verdict as returned by the Jury and filed therein be set aside and this Movent granted a new trial upon each separately and all of the foregoing Grounds."

This amended motion for new trial was heard and judgment thereon rendered being the second judgment entered in the case, reading as follows:

"Be It Remembered that heretofore upon the 7th day of April, A.D., 1958, there came on to be heard in the above-entitled cause, the Defendant's Amended Motion For New Trial, when came the Plaintiff, A. W. Beal, and came also the Defendant, Great American Indemnity Company, a corporation, as Movent therein, by their respective attorneys of record, and in open court announced ready for hearing upon such Motion and the same was then and there duly submitted and presented unto the Court together with arguments of counsel for both Parties; and it appearing unto the Court: that the Judgment therein sought to be set aside had been therefore rendered non obstante veredicto on the 14th day of February, A.D. 1958; that Plaintiff had received due notice of such Motion wherein Defendant also sought to set aside the verdict of the jury on the bases that the Court had erred in submitting to the Jury each of Special Issues Nos. '1,' '2,' '3,' '4,' and '5' over the objection of the Defendant that there was no evidence of probative force to support an answer by the Jury to such issue favorable to the Plaintiff and wherein Defendant had also renewed and reasserted in such Motion, its earlier Motion for Instructed Verdict on the bases that the Court had erred in having refused to sustain such Motion for Instructed Verdict as rested therein upon both Ground '(1)' thereof that there was no evidence of probative force to justify a finding by the jury of any compliance by the Plaintiff with Condition 2 of the Policy and as also rested therein upon Ground '(2)' thereof that there was no evidence of probative force to justify a finding by the Jury that the Plaintiff ever notified any agent or representative of the Defendant at any time before default judgment in Cause No. 464,646, of any service of citation therein upon him or of his having received any other process or notice of suit in said Cause No. 464,-646; and the Court having reconsidered the evidence admitted upon the trial in the light of such Motion of Defendant, and from such reconsideration thereof concluded and determined: that because there was no evidence of probative force to support an answer

by the jury favorable to the Plaintiff in response to either of such Special Issues Nos.: '1,' '2,' '3,' '4' and '5,' the Court had erred in having submitted each of such Special Issues to the Jury for which its finding favorable to the Plaintiff in response thereto should be set aside as requested by Defendant in such Motion; that because there was no evidence of probative force to justify a finding by the jury of either any compliance by the Plaintiff with Condition 2 of the policy or that Plaintiff ever notified any agent or representative of the Defendant at any time before default judgment in Cause No. 464,646, of any service of citation therein upon him or of his having received any other process or notice of suit in Cause No. 464,646, the Court had erred in having refused to sustain the Motion of Defendant for Instructed Verdict upon each of its Grounds '(1)' and '(2)' and in not having either instructed the Jury to return its verdict in favor of the Defendant as therein requested or dismissed the jury and rendered judgment in favor of the Defendant; and that such judgment in favor of the Defendant was the only proper judgment for the Court to have rendered in this cause; but that the Jury having been dismissed and its findings set aside, the Court may nevertheless still discharge its duty to have thus disposed of the case as a matter of law and that its failure to have done so when acting upon Defendant's Motion For Instructed Verdict is immaterial and may now be rectified by the Court.

"Now Therefore, it is accordingly ordered, adjudged and decreed by the Court: that the findings of the jury by its verdict in response to each of Special Issues Nos.: '1,' '2,' '3,' '4' and '5' be, and each of the same is, hereby set aside; that judgment of the Court be, and is hereby, rendered in favor of the Defendant, Great Amer-

ican Indemnity Company, that Plaintiff, A. W. Beal take nothing by his suit and that Defendant do have and recover of and from him all costs in this behalf expended for which let execution issue in favor of the Defendant, Great American Indemnity Company, and the officers of this Court; and to all of which action and judgment of the Court, the Plaintiff, A. W. Beal, in open court duly excepted."

■ A trial court confronted with the procedural situation existing in this case, before the judgment quoted next above was entered, may, if the powers of the court are invoked by written motion, follow the procedure of Vernon's Ann.Texas Rules 301 and set aside a judgment previously rendered and grant a judgment disregarding the verdict or specific issues therein. See Hines v. Parks, Tex.Com.App., 128 Tex. 289, 96 S.W.2d 970, opinion adopted by Sup.Ct.; for a general discussion, see 4 McDonald's Texas Civil Practice, Sec. 17.32 pages 1414, 1415 and 1416.

■■ Except to the extent a new trial is granted, which will be discussed later, a procedural prerequisite to rendering the second judgment (quoted above) is the requirement of Rule 301 that a motion for judgment non obstante veredicto be made. The trial court cannot render such judgment on its own motion. See Insurors Indemnity & Insurance Co. v. Associated Indemnity Co., 139 Tex. 286, 162 S.W.2d 666; and Edmiston v. Texas & N. O. Ry. Co., 135 Tex. 67, 138 S.W.2d 526.

■ Appellee contends that its amended motion for new trial satisfies the requirements of Rule 301. An objective reading of the amended motion will not support appellee's contention. By referring to the quoted portions set out in the forepart of this opinion, it is seen that the motion begins by seeking a new trial upon the numerous grounds to be set out in the motion and ends with a prayer for a new trial. The only action the court is asked

to take is that of granting a new trial. Portions of the motion omitted shed no light upon the question and the quoted portions do not support the construction appellee would place upon it. The instrument is what the appellee labeled it, an amended motion for a new trial, and is insufficient as a combination motion for judgment non obstante veredicto and motion for new trial. Hines v. Parks, supra; Phyling v. Security Benefit Ass'n, Tex.Civ.App., 129 S.W.2d 358.

Appellant urges in view of the entry of the second judgment without expressly vacating the first, that the second is a nullity, and in support thereof cites such authority as Thomas v. Mullins, Tex.Civ. App., 127 S.W.2d 559; Bridgman v. Moore, Tex.Civ.App., 180 S.W.2d 211, affirmed 143 Tex. 250, 183 S.W.2d 705, and Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528. His end contention is that the first judgment entered by the trial court was correct and that the judgment appealed from should be voided, thereby reinstating the first judgment.

 Examination of the second judgment quoted above reveals that it expressly sets aside the jury findings on Special Issues Nos. 1, 2, 3, 4 and 5, and thereafter rendered judgment in favor of the appellee without mention being made of the first judgment or order made setting it aside. The trial judge was authorized to set aside the first judgment entered on the appellee's motion for new trial. The special issues upon which the first judgment was entered merged with the judgment. See Smith v. Thornton, 119 Tex. 344, 29 S.W.2d 314. The special issues upon which it was entered were expressly set aside and these having merged with the judgment, it follows that a part of the judgment was expressly set aside, thereby destroying any basis for the remainder as to appellant and appellee. The effect of the valid portion of the trial court's second judgment was to set aside the first judgment and grant a new trial.

Consistent with what has been said, it must be concluded that the trial court had the power to set aside the first judgment and grant a new trial upon appellee's motion but did not have authority in the absence of a proper motion to thereafter render a new judgment. It becomes the duty of this Court to reverse that portion of the trial court's second judgment which attempted to render a take-nothing judgment against the appellant and remand the case to the trial court where it will stand upon the docket as if the trial court had granted appellee's motion for new trial. See Smith v. Thornton, supra; Wichita Falls Traction Co. v. Cook, 122 Tex. 446, 60 S.W.2d 764; Marmion v. Herrin Transportation Co., Inc., Tex.Civ.App., 127 S.W.2d 558.

Reversed and remanded with instructions.