**Opinion filed July 31, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00105-CV

_____

## IN RE DANNA KRIEG

**Original Mandamus Proceeding**

## O P I N I O N

In this original mandamus proceeding, Relator, Danna Krieg, argues that the trial court improperly attempted to exercise jurisdiction over the claims that she asserted against Lake Brownwood Sandy Beach, Inc. (Sandy Beach) and Frances Kelly McDuff. Krieg maintains that these claims became final when the trial court granted the motion for summary judgment that she filed against Sandy Beach, McDuff, and Jon Kane in August 2024. Because we conclude that the summary judgment that Krieg secured against Sandy Beach and McDuff was vacated by the

trial court's subsequent order that granted a new trial to Kane, we deny Krieg's petition for writ of mandamus.

## I. *Factual and Procedural Background*

In August 2023, Krieg filed suit against Kane, Sandy Beach, and McDuff to prevent a foreclosure sale of a property that is situated on Lake Brownwood. The defendants answered and were initially represented by attorney Jessica Haile. However, Haile filed a motion to withdraw on November 17, 2023, which the trial court granted ten days later.

On December 15, 2023, while the collective defendants were not represented by counsel, Krieg served "merits-preclusive" requests for admissions on McDuff and Kane. *See McEndree v. Volke*, 634 S.W.3d 413, 422 (Tex. App.—Eastland 2021, no pet.). Among other things, the requests sought admissions from McDuff and Kane that "[t]here is no evidence to support the defenses alleged in your answer" and that "[t]here is no genuine issue of material fact to all of [Krieg's] claims and she is entitled to judgment on all her claims."

Krieg later filed a motion for summary judgment and represented that the requests for admissions that she sent to McDuff were joint requests that were also addressed to Sandy Beach. However, the intended recipient(s) of these requests for admissions are unclear. While the first paragraph of these requests for admissions indicates that Krieg seeks admissions from "Frances McDuff & Lake Brownwood Sandy Beach," the document itself is addressed only to "Frances McDuff, Defendant." Likewise, it appears that these requests for admissions were served in a postal envelope that was addressed only to McDuff individually. Furthermore, the record indicates that Krieg attempted, unsuccessfully, to serve a separate set of

2

requests for admissions on McDuff in her capacity as an agent of Sandy Beach, and that those requests were returned as undeliverable.

Three days after Krieg's requests for admissions were served on the defendants, Frederick Hoelke appeared as counsel for them. Hoelke represented the defendants for approximately five months before he filed a motion to withdraw on May 9, 2024, which the trial court granted on May 14. After Hoelke's withdrawal, Christopher Mitchell appeared as counsel for Kane. However, it appears that Sandy Beach and McDuff continued to be unrepresented after the trial court granted Hoelke's withdrawal on May 14.

On January 25, 2024, Krieg filed her traditional and no-evidence motion for summary judgment against all defendants. In support of her motion, Krieg alleged that none of the defendants had filed responses to her requests for admissions. Krieg further asserted that, because no responses had been made, all the requests—including the requests that sought admissions of Krieg's entitlement to judgment as a matter of law—should be deemed admitted pursuant to Rules 166a(c), 198.2(c), and 198.3 of the Texas Rules of Civil Procedure. Essentially, Krieg's motion for summary judgment sought relief based on the deemed admissions. The trial court granted Krieg's motion for summary judgment on August 28, 2024, and in its order stated that its judgment "finally disposes of all parties and all claims and is appealable."

Mitchell, acting on behalf of Kane, filed a motion for new trial on September 27, 2024. In his motion, Kane argued that Krieg's requests for admissions had not been properly served on the defendants' attorney of record. He also argued that the requests for admissions had been served prematurely. *See* TEX. R. CIV. P. 192.2(a)(1) ("[A] party cannot serve discovery on another party until

3

after the other party's initial disclosures are due."). In his prayer for relief, Kane requested that the trial court "enter an order vacating [its] judgment in this cause." Although Kane's motion asked the trial court to grant "[m]ovant" a new trial, it did not otherwise request that the trial court limit the scope of a new trial, if such relief was granted.

The trial court conducted a hearing on Kane's motion for new trial on November 7, 2024. The next day, the trial court signed an order that granted the motion and ordered a new trial. In its order, the trial court stated that "[its] previous order granting summary judgment for [Krieg] is vacated."

On February 3, 2025, Krieg filed a notice of nonsuit of the claims that she had asserted against Kane. Thereafter, on March 26, 2025, the trial court signed an order clarifying that its November 8, 2024, order intended and operated to vacate the grant of Krieg's summary judgment as to *all* defendants.

## II. *Mandamus Principles*

A writ of mandamus is an order that compels "a public official to perform a non-discretionary duty where the relator's right to have that duty performed is clear." *Wolters v. Wright*, 623 S.W.2d 301, 304 (Tex. 1981). "The object of the writ is to enforce the performance of [a] duty." 6 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice: Appellate Practice* § 35:1 (2d ed.) (updated Feb. 2025). Thus, when rendering mandamus relief against a trial court, we conditionally grant the petition and direct the trial court to take action, rather than rendering such relief ourselves. *See, e.g.*, *In re Sanders*, 692 S.W.3d 868, 877 (Tex. App.—Eastland 2024, orig. proceeding) (conditionally granting the petition for writ of mandamus, directing the trial court to vacate an order denying a motion to withdraw deemed admissions).

4

Mandamus is an "extraordinary remedy" that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue only if the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). With respect to the first requirement, "a trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)); *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). In addition, because a trial court has no discretion in determining what the law is or in applying it to the facts, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840; *see also In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding).

III. *Analysis*

A. *Krieg's Petition for Writ of Mandamus*

In her sole issue, Krieg maintains that—at the time it was signed—the trial court's order granting a new trial applied only to the claims she had asserted against Kane, and that the trial court's subsequent clarification order was ineffective because it was signed after the trial court's plenary power over the case had expired. Based on this, Krieg asks that we (1) issue a writ of mandamus "voiding the . . . order that vacated the Relator's summary judgment order against McDuff" and (2) determine that "the summary judgment order . . . remains as the final judgment in this case."

As we have said, in a mandamus proceeding, our role is limited to directing whether the trial court should take any action in the case. *See Wolters*, 623 S.W.2d

5

at 304.  Nevertheless, construing Krieg's requests for mandamus relief liberally, we consider the question of whether we should direct the trial court to vacate its order of clarification.  *See Patch Energy LLC v. Indio Mins. LLC*, 702 S.W.3d 911, 922 (Tex. App.—Eastland 2024, no pet.).

B.  *The Trial Court's Order Granting a New Trial*

Generally, once a new trial has been granted, a case "stands upon the docket as if it had not been tried."  *State Dep't of Highways & Pub. Transp. v. Ross*, 718 S.W.2d 5, 11 (Tex. App.—Tyler 1986, no writ) (quoting *De Ramirez v. Sovereign Camp, W.O.W.*, 123 S.W.2d 737, 738 (Tex. App.—El Paso 1938, no writ)); *see also Smith v. Thornton*, 29 S.W.2d 314, 315 (Tex. [Comm'n Op.] 1930); *Jordan v. Bustamante*, 158 S.W.3d 29, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[T]he trial court in this case granted a new trial, reinstating the case on the docket as if no trial had occurred."); *Stanley v. CitiFinancial Mortg. Co., Inc.*, 121 S.W.3d 811, 816 (Tex. App.—Beaumont 2003, pet. denied).  "Thus, when the trial court grants a motion for new trial, the [trial] court essentially wipes the slate clean and starts over."  *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005).

Because an order granting a new trial creates a "clean slate" for the entire case and all parties to the case, it does not ordinarily have the effect of severing the claims against the movant from the remaining parties and other pending claims in the case.  *See id.*  A post-judgment severance is not proper under normal circumstances.  *See* TEX. R. CIV. P. 41 ("Parties may be dropped . . . at any stage of the action, before the time of submission to the jury or to the [trial] court . . . on such terms as are just.").  As such, unless otherwise specifically stated in its order, a trial court's order that grants a new trial for one party ordinarily "wipes the slate clean"

6

for *all* claims that have been asserted against *all* parties to the case, not just the moving party. *See Wilkins*, 160 S.W.3d at 563.

Nevertheless, Rule 320 of the Texas Rules of Civil Procedure provides an exception to this rule of severance. *State Dep't of Highways and Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993) (per curiam) ("A partial new trial may be ordered notwithstanding the prohibition in Rule 41 against post-submission severances. Rule 320 is thus an exception to Rule 41."). This exception, however, is a narrow one: a trial court may grant a new trial for part of the case only when (1) "it appears . . . that a new trial should be granted on a point . . . that affect[s] only part of the matters in controversy" and (2) "such part is clearly separable without unfairness to the parties." TEX. R. CIV. P. 320; *Cotner*, 845 S.W.2d at 819. However, in this instance, Kane's motion did not request a partial new trial; instead, it requested that the trial court vacate its summary judgment. Likewise, the trial court's November 8 order that granted a new trial does not identify any claims that are "separable" from the remaining claims pending in the case, nor does it appear that the trial court considered the question of whether a new trial on limited issues would avoid "unfairness to the parties." TEX. R. CIV. P. 320. Furthermore, the new trial order does not in any way recite the limitation that Krieg advances in this mandamus proceeding. Accordingly, we conclude that the trial court's November 8 order that granted a new trial—although Kane was the only movant—"wipe[d] the slate clean" for the entire case and *all* parties, including the claims that have been asserted by Krieg against the non-moving defendants, Sandy Beach and McDuff. *Wilkins*, 160 S.W.3d at 563.

Additionally, it appears from the record that, in granting a new trial, the trial court concluded that no valid basis existed to grant Krieg's summary judgment as a

whole, and it was therefore the trial court's intent—as it would later state in explicit terms—to grant a new trial as to *all* of the parties to the case.

The crux of Krieg's motion for summary judgment was the enforcement of "merits-preclusive" requests for admissions that were served on the defendants while they were not represented by counsel. Such requests, and the pretrial practice and use of them, are improper and discouraged. *Marino v. King*, 355 S.W.3d 629, 633–34 (Tex. 2011); *Sanders*, 692 S.W.3d at 873; *McEndree*, 634 S.W.3d at 422.[1] In practice, they are enforceable as a party admission only if the responding party and/or its counsel has acted in "flagrant bad faith or callous disregard for the rules." *Marino*, 355 S.W.3d at 634. When, as in this case, deemed admissions are used as a basis to obtain the grant of summary judgment, the "flagrant bad faith or callous disregard" requirement is incorporated as an element of the movant's summary judgment burden. *Id.* (citing *Wheeler*, 157 S.W.3d at 443–44).

Kane's motion for new trial challenged the trial court's grant of summary judgment in favor of Krieg on the grounds expressed in *Marino*. Thus, by granting Kane's motion, the trial court could have properly concluded that Krieg's requests for admissions were a misuse of the applicable discovery rules, and therefore an improper basis for which to grant summary judgment. *Marino*, 355 S.W.3d at 634 ("Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing

---

[1]We note that requests for admissions may not be utilized by a party to require an adverse party to admit the invalidity of its claims or to concede its defenses, as Krieg's requests did in this instance, because such admissions have a "merits-preclusive" effect. *See Medina v. Zuniga*, 593 S.W.3d 238, 244–45 (Tex. 2019); *Marino*, 355 S.W.3d at 632. Thus, requests for admissions that compromise or preclude an adverse party's right to present the merits of its case—"merits-preclusive" admissions—are not a proper use of this discovery tool under Rule 198. *Marino*, 355 S.W.3d at 633–34 (citing *Wheeler v. Green*, 157 S.W.3d 439, 443–44 (Tex. 2005)).

necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden."); *Sanders*, 692 S.W.3d at 877 ("Our rules of discovery . . . [are not] designed to reward attempts to weaponize the discovery process by producing 'gotcha' results that have little to do with the merits of the case."); *McEndree*, 634 S.W.3d at 422.[2] The requests sent to Kane and the requests sent to McDuff (which also served as the alleged requests to Sandy Beach) are largely identical. Therefore, the trial court's determination that there was no valid basis for which to grant summary judgment against Kane would have in turn applied equally to McDuff and Sandy Beach.

Finally, even if we were inclined to agree with Krieg that the November 8 order granting a new trial were somehow applicable only to the claims that she asserted against Kane, Krieg's subsequent notice of nonsuit of her claims against Kane was insufficient to create a final and appealable outcome in the trial court. It is axiomatic that an appeal "may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A trial court's judgment is final when it (1) disposes of all parties and all claims then before the court or (2) includes unequivocal finality language that expressly disposes of all pending claims and parties. *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) (citing *Lehmann*, 39 S.W.3d at 200). Moreover, Rule 26.1 of the Texas Rules of Appellate Procedure provides that a "notice of appeal must be filed within 30 days after the [trial court's]

---

[2]Kane did not seek sanctions against Krieg for serving improper requests for admissions on the defendants. Nevertheless, we emphasize, as we did in *Sanders*, and reiterate today that, insofar as pretrial discovery is concerned, the trial court possesses "wide discretion to issue sanctions that do not interfere with the parties' rights to present their cases on the merits." 692 S.W.3d at 877. Moreover, although the record indicates that Krieg and her counsel may have engaged in other sanctionable conduct, we do not address those circumstances here.

judgment is signed." Thus, a party's obligation to file an appeal is not triggered until "the [date] the [trial court's] judgment is signed, not from the filing of a pleading." *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (emphasis omitted). The applicable rules provide no other means by which finality may attach. *Id.* ("The appellate timetable *does not* commence to run other than by signed, written order.").

"By using the date of the signing of a written order [or judgment] . . . an easily identifiable date is established" for determining the manner in which the trial court retains jurisdiction, and for when the appellate court acquires jurisdiction. *Grant v. Am. Nat. Ins. Co.*, 808 S.W.2d 181, 183–84 (Tex. App.—Houston [14th Dist.] 1991, no writ). Thus, even where the trial court enters a docket entry that purportedly appears to dispose of the case, the docket entry is not generally considered to be a final judgment, nor does it trigger the commencement of the applicable appellate deadlines. *Id.* at 184 ("To hold that a docket entry alone could constitute a final, appealable judgment would, in our opinion, defeat the purpose of these rules.").

Among other things, an order of dismissal signed by the trial court may also qualify as a final judgment. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding). However, even then, "[a]ppellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal." *Id.* Likewise, an order of severance may operate as a final judgment when the trial court has, by proper order or judgment, already disposed of the severed parties and the claims asserted by and between them. *Sealy Emergency Room*, 685 S.W.3d at 822. Such orders become final on the date they are signed by the trial court. *Id.*

Here, even if we assume that the November 8 order granting a new trial applied only to the claims that Krieg had asserted against Kane, the record contains no final judgment. Clearly, the trial court's November 8 order vacated its previous

summary judgment in favor of Krieg. Thus, if the intent of the November 8 order was to set aside the trial court's grant of summary judgment only in part—just as to Kane—as Krieg suggests, the grant of summary judgment against Sandy Beach and McDuff would effectively be a non-final, interlocutory order. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (An order that "leaves significant factual and legal issues open for further determination . . . is interlocutory and not appealable."); *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984). Furthermore, there is nothing in the record before us that qualifies as a final judgment, much less an identifiable date on which such a judgment was signed, that would thus initiate the applicable appellate deadlines.

In her brief, Krieg suggests that her nonsuit of Kane somehow created finality because, following the nonsuit, "there were no other remaining parties or claims pending in the . . . litigation." Krieg, however, is mistaken and misconstrues the nature and effect of the rules of finality. It is not enough that Krieg's unilateral action created a state of affairs where all parties and claims were disposed or dismissed. Such a circumstance also exists when the trial court takes certain actions that dispose of claims without signing a final judgment, such as making an oral pronouncement or making a docket entry. *See Grant*, 808 S.W.2d at 184. It is only when the trial court signs an order or judgment that either disposes of all parties and claims pending before it, or otherwise unequivocally states and recognizes the disposition of all parties and claims in writing, that the applicable appellate deadlines will commence, thus triggering a limited period of plenary jurisdiction in the trial court. *See Farmer*, 907 S.W.2d at 496; *see also Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) ("A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment," during which

11

"the trial court has plenary power to change its judgment.").  As such, even if the trial court's November 8 order granting a new trial applied only to Kane, which we conclude it did not, the summary judgment rendered against Sandy Beach and McDuff would have remained interlocutory until the trial court *signed* an order dismissing Kane as a party to the case, which it never did.  *Bennett*, 960 S.W.2d at 38.

C.  *Conclusion*

We conclude that the trial court continues to properly exercise jurisdiction over the claims asserted against Sandy Beach and McDuff.  Accordingly, Krieg's sole issue is overruled.

IV.  *This Court's Ruling*

For the reasons stated, we deny the petition for writ of mandamus.


W. STACY TROTTER

JUSTICE


July 31, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.