COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| IN RE | § | No. 08-23-00256-CV |
|  | § |  |
| JUAN ESPARZA, | § | AN ORIGINAL PROCEEDING |
|  | § |  |
| Relator. | § | IN MANDAMUS |
|  | § |  |

## MEMORANDUM OPINION

In this original proceeding, Relator Juan Esparza seeks a writ of mandamus directing the Honorable Annabell Perez, the trial judge of the 41st District Court, El Paso County, Texas, to vacate a scheduling order pertaining to a jury trial set for May 10, 2024. We conditionally grant mandamus relief.

## BACKGROUND

On June 29, 2016, Esparza filed a personal-injury suit against Coastal Transport Co. Inc. (Coastal) alleging he was injured when a Coastal tanker truck struck a vehicle, which then struck Esparza.[1] Esparza alleged he sustained substantial physical injuries and damages from the collision.

---

[1] The original petition includes Esparza and Andrew Beauchamp as the petitioners. However, petitioner Beauchamp died before the case reached trial, and his claim was settled and non-suited. Additionally, Esparza's original suit was also against Tommy Joe Madrid, but he was nonsuited from the case in August 2022.

On April 4, 2022, the trial court entered a Level 3 scheduling order setting trial for August 19, 2022. In the scheduling order, Esparza was required to designate all testifying expert witnesses by May 20, 2022, while Coastal's deadline fell on June 20, 2022. The order included an ending line stating: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the above stated deadlines and limitations are in effect up to the trial date of 8/19/2022." The August 19 trial setting, however, did not proceed as planned. Instead, trial was soon reset for November 4, 2022, and it proceeded as scheduled.

On November 8, 2022, as his next witness to testify, Esparza intended to call Dr. Bratislav Velimirovic, one of his treating physicians. Dr. Velimirovic, a neurosurgeon, had performed surgery on Esparza and remained a treating physician for his recurring headaches, post traumatic stress disorder, and traumatic brain injury purportedly disclosed by an MRI. Before the witness took the stand, however, Coastal's counsel requested an opportunity to approach the bench for a discussion on admission of medical records. Due to the need for a lengthy discussion, the court excused the jury from the courtroom. At that point, an extended discussion was held solely between the court and trial counsel. Initially, objections were raised about whether Esparza's counsel had timely served opposing counsel with his most recent MRI report, and whether defense counsel served records of Esparza's prior medical treatment, which defense counsel intended to admit during the witness's testimony.

Eventually, however, Coastal's defense counsel, Ruben Robles, informed the trial court of his intent to cross-examine Dr. Velimirovic on a series of lawsuits and medical board complaints that had been generally brought against the witness.[2] In the course of responding, Esparza's counsel informed the trial court that it felt a conflict of interest precluded Coastal's counsel from

---

[2] The record shows that Coastal was then represented by Ruben Robles of the law firm of Robles, Bracken & Hughes, and Daniel Hernandez of the law firm of Ray, Pena, McChristian, PC.

raising those matters it had just mentioned to the court. Esparza's counsel described that Robles's law partner represented Dr. Velimirovic on the matters raised by defense counsel. After an extended discussion was held on whether a conflict of interest existed or not due to the law partner's representation, Coastal's counsel moved for a mistrial of the proceeding. When asked by the court for a legal basis, counsel responded that a question had arisen regarding his ethical representation of his client as a zealous advocate, and because of ethical requirements, that he had become impaired "by this shadow being cast over some of the lawyering that my firm [performed in] representing this doctor." Defense co-counsel from another firm then followed by informing the court that his firm had represented Dr. Velimirovic as well. Esparza's counsel noted that when she had informed Dr. Velimirovic of the time for him to come to court, he asked, "Who is going to be on the other side questioning me?" When counsel provided the firm name, he responded, "My lawyers?"

Esparza's counsel offered the cure would be to exclude the information from evidence given that Dr. Velimirovic was a mere treating doctor. Counsel urged that Esparza had waited several years for a trial date and his treating physician was named before defense counsel came on board the case. Esparza's counsel argued that she opposed a mistrial as both parties had already expended great resources in preparing the case. Esparza's counsel suggested that Coastal hire a different lawyer to cross-examine Dr. Velimirovic. Responding, Coastal's counsel re-urged a mistrial to allow its counsel to withdraw and for new counsel to appear. Following a long discussion, the trial court granted the mistrial.[3]

For a time, the case remained pending without a new trial setting. During that interim, Esparza filed supplemental discovery answers and two relevant pleadings. First, he filed

---

[3] Following the mistrial, both law firms remained on the case providing representation to Coastal, but a firm partner withdrew from representing Dr. Velimirovic. Attorney Robles eventually withdrew from the case based on his retirement from the practice of law.

3

supplemental designations of expert witnesses on April 20, 2023, and on June 23, 2023. These supplemental designations added new experts to the case. For purposes of this mandamus review, Esparza focuses on his designation of three experts: Catherine Wakeham MD, FAAPMR, Robert W. Johnson, and Michael D. Freeman, PhD, MD. Esparza disclosed that Dr. Wakeham would testify as to Esparza's physical, emotional, medical, cognitive, and psychological damages. Specifically, Dr. Wakeham would provide testimony on a projected life care plan for Esparza and medical cost analysis. As for the expert testimony of Johnson, Esparza disclosed that he was an economist who would testify to future economic damages. Lastly, Esparza disclosed that Dr. Freeman, an expert in forensic medicine, forensic epidemiology, and vehicle crash reconstructionist, would testify to the proximate cause of Esparza's damages and injuries, including his traumatic brain injury, orthopedic injuries, and other injuries.

Second, on June 27, 2023, Esparza filed a motion to enter a scheduling order, and alternatively, for leave to designate experts for good cause due to worsening medical conditions. In the motion, Esparza noted the last discovery control plan governing the case was dated April 4, 2022, and because it was intended for a trial date of August 19, 2022, he argued it had expired on its own terms as of the August trial date. Attached to the motion, Esparza included a proposed discovery control plan that identified the case as Level 3 and set forth specific discovery limitations. Among its terms, the proposed plan provided for completion of discovery by 30 days before trial; experts designated by plaintiff as of July 31, 2023, and designated by defendants by August 31, 2023; expert depositions, if requested, to be taken no later than October 31, 2023; a motions deadline of November 17, 2023; and finally, a pretrial hearing and a trial date to be set on dates that were yet to be determined.

The trial court soon established a new trial date and related dates for pretrial conference and motions deadlines. In its order issued June 29, 2023, the court specially set the case for jury

4

trial on May 10, 2024. The order also required that "[a]ll pre-trial discovery be completed by **April 10, 2024**" (emphasis in original). As relevant to this proceeding, the order further provided that: "All other deadlines shall be pursuant to the Agreed Scheduling Order, if any. Parties shall file an Agreed Scheduling Order with this Court within 10 days of a receipt of this notice."

After the parties failed to reach agreement on other deadlines, Esparza filed, on July 11, 2023, an amended motion to enter scheduling order with expert deadline. He pointed out that the trial court's order of June 29, 2023, had appropriately set a discovery completion date of April 10, 2024, but it lacked a deadline for expert designations. Because the parties had not reached agreement, Esparza offered that Rule 195.2 of the Texas Rules of Civil Procedure provided a reasonable deadline as it calculated dates based on a trial court's discovery completion deadline. Tracking that rule, Esparza attached a proposed discovery control order setting January 10, 2024, as the deadline for plaintiff to designate experts; February 10, 2024, as the deadline for defendants to designate experts; and March 10, 2024, as the deadline for expert depositions, if any. In the alternative, Esparza argued the court should modify its order based on good cause and lack of unfair surprise or prejudice.

Coastal responded arguing in two-ways. First, it contended the trial court had closed all new discovery as of the mistrial date of November 8, 2022. Second, on the alternative argument made by Esparza, it contended that his allegedly deteriorating physical condition did not justify any "reopening of discovery under Texas Rule of Civil Procedure 190.5(b)."

On July 17, 2023, the trial court held a hearing on Esparza's motion. On September 21, 2023, the trial court issued a scheduling order wherein a special jury trial was set to begin on May 10, 2024. Also, the order provided that "[t]hirty days before trial all written discovery and depositions must be completed." Several other pretrial dates were established for the period covering from December 18, 2023, up to 20 days before trial. Otherwise, regarding expert

5

witnesses, the order provided: "As of 11/08/22 all retained experts have been designated. No retained experts designated after this date are timely designated EXCEPT Plaintiff's expert Konstantinos "Gus" Dimitrelos and Defendant's experts in rebuttal to Dimitrelos[;] . . . By 9/22/23 Defendants shall have designated expert witness(es) in rebuttal to Plaintiff's expert Dimitrelos."

Esparza next sought mandamus relief presenting six issues for our review. In his first and second issues, he asserts two related grounds for showing the trial court abused its discretion. First, he urges the court had abused its discretion by refusing to set a new deadline for designating expert witnesses as calculated from a new trial date, and it relied instead on the original deadline of the prior discovery plan adopted before the previous trial ended in mistrial. Second, it urges the court abused its discretion by effectively striking two of Esparza's expert witnesses who were disclosed long before the new trial setting. In Esparza's third, fourth, and fifth issues, he asserts alternative grounds for which the trial court abused its discretion in striking his expert witnesses. Finally, Esparza's sixth issue asserts that he has no adequate remedy by appeal.

## MANDAMUS RELIEF

Mandamus is an extraordinary remedy only available to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

### A. Abuse of discretion

Combining Esparza's first and second issues, he asserts the trial court abused its discretion by retroactively imposing an expert witness discovery cutoff and striking his designated expert witnesses in a manner that was not tailored to the circumstances of the case. Generally, a trial court abuses its discretion when it acts "without reference to guiding rules or principles or in an arbitrary or unreasonable manner." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (per curiam) (citing *In re*

6

*Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam)). To demonstrate an abuse of discretion, a relator must show that the trial court "could have reached only one conclusion and that a contrary finding is thus arbitrary and unreasonable." *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding) (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)).

The Texas Rules of Civil Procedure provide that "[e]very case must be governed by a discovery control plan[.]" Tex. R. Civ. P. 190.1. For a Level 3 case, such as Esparza's, the rules require the trial court, on a party's motion or its own initiative, "order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of the specific suit. Tex. R. Civ. P. 190.4(a). Furthermore, the trial court "may change any limitation on the time for or amount of discovery" and must include "deadlines for . . . designating expert witnesses." Tex. R. Civ. P. 190.4(b). The rule governing schedules for designating experts provides:

> Unless otherwise ordered by the court, a party must designate experts . . . by the following dates:
>
> (a) with regard to all experts testifying for a party seeking affirmative relief, *90 days* before the end of the discovery period;
>
> (b) with regard to all other experts, *60 day*s before the end of the discovery period.

Tex. R. Civ. P. 195.2 (emphasis added).

Following the mistrial, Esparza contends he attempted to designate additional experts between the date of the mistrial, November 8, 2022, and before the trial court reset the case by a scheduling order issued on September 21, 2023—which set the jury trial for May 10, 2024, and made April 10, 2024, the end of the discovery period. At the time he supplemented his discovery and designation of witnesses in April and June 2023, Esparza contends that no discovery control order was yet in place governing the period following the mistrial. In that post-mistrial period,

when Esparza submitted a proposed discovery plan to the trial court, he suggested a plaintiff's expert designation date of July 31, 2023, and alternatively asked for leave to designate certain experts. Esparza contends the trial court's denial of his motions resulted in a clear abuse of discretion.

In response, Coastal asserts that the trial court's scheduling order merely left the original expert-designation deadline in place. According to Coastal, the limitation on discovery was reasonable and within the discretion of the trial court, in part, because of the long history of the litigation and the large sums of money that had been expended by both parties. Coastal points to the trial court's concerns with the expenses on each party at the time of the mistrial. After granting the mistrial, the trial court stated it did not want to "rehash new discovery" and stated it did not want "any more depositions, none of that." Coastal argues these remarks informed Esparza of the court's disinterest in allowing him to designate additional experts after the trial had been derailed by a mistrial. Based on its reasoning, Coastal urged that Esparza's designations were untimely regardless of the intervening mistrial.

We disagree with Coastal's argument that the trial court's scheduling order left the original designation deadline in place. Because a mistrial was granted and a new trial would be set for a later date, the case had then stood upon the court's docket "as if it had not been tried." *De Ramirez v. Sovereign Camp, W.O.W.*, 123 S.W.2d 737, 738 (Tex. App.—El Paso 1938, no writ) (citing *Smith v. Thornton*, 29 S.W.2d 314, 315 (Tex. [Comm'n Op.] 1930)); *State Dep't of Highways & Pub. Transp. v. Ross*, 718 S.W.2d 5, 11 (Tex. App.—Tyler 1986, orig. proceeding) (stating that, after granting new trial, "[l]ogically . . . any pre-trial order relating to that trial would also be obliterated."). The text of the prior order had also stated that deadlines and limitations were in effect only up to the trial date of August 19, 2022. Accordingly, once the mistrial was declared,

8

the trial court needed to set the case for a new trial and issue a scheduling order in accordance with the rules. *See* Tex. R. Civ. P. 190.1, 190.4.

After the mistrial, the trial court's scheduling order provided that the discovery period would end April 10, 2024, but it left the deadline for any expert designations open and deferred to the parties' agreement on a deadline. When the parties could not reach an agreement, Esparza urged the trial court to enter a scheduling order with a clear expert designation deadline as none was provided by the initial scheduling order. The trial court responded by entering a new scheduling order—wherein it still set a jury trial for May 10, 2024, and provided a discovery deadline ending on April 10, 2024—but provided a retroactive deadline of November 8, 2022, for plaintiff's expert designations except for one expert, Konstantinos "Gus" Dimitrelos, with defendant's permitted a rebuttal to that expert designated by September 22, 2023.

While we must give the trial court latitude in managing discovery and preparing a case for trial, that latitude is not unbounded. *In re Van Waters & Rogers, Inc.*, 62 S.W.3d 197, 200 (Tex. 2001) (orig. proceeding) (per curiam); *see also In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (noting that because discovery serves to enable courts to decide disputes based on "what the facts reveal, not by what facts are concealed," (quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014)), the discovery rules must be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial," (quoting *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding))). Ordinarily, in a Level 3 case, a plaintiff's expert will be considered designated "timely" if the requested information is provided either 90 days before the end of the discovery period, or as otherwise ordered by the court. *See* Tex. R. Civ. P. 190.4; 195.2. Yet, we do not mean to suggest that the trial court, in this circumstance, was required to enter a designation deadline in accordance with Rule 195.2. Rather, we recognize this is a Level 3 case, and the trial court has the authority

to set discovery limitations that are tailored to the case. But here, the record demonstrates that an expert designation deadline was set retroactively to a date that had long passed well before the court even issued its scheduling order. Moreover, Esparza's discovery including expert witness disclosures had already been supplemented during the period when no discovery order controlled. Last, the discovery period was otherwise set to close as of 30 days prior to trial. Because the date was backwards-facing and not tailored to the circumstances of the case (with one exception), we conclude the setting of the expert designation deadline amounted to a clear abuse of discretion.

For these reasons, we conclude the trial court abused its discretion in rendering orders that retroactively imposed an expert witness designation cutoff and struck Esparza's otherwise timely designated experts. We sustain Esparza's first and second issues.

Esparza's third, fourth, and fifth issues assert alternative reasons establishing the trial court abused its discretion if we were to conclude Esparza's witness designations were untimely. Because we conclude otherwise, we need not address those issues. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

We now move on to consider whether Esparza established that he has no adequate remedy by appeal.

## B. Adequate remedy

In his sixth issue, Esparza asserts that he has no adequate remedy by appeal. The term "adequate remedy" is "a proxy for the careful balance of jurisprudential considerations," and its meaning "depends heavily on the circumstances presented[.]" *Prudential*, 148 S.W.3d at 136–37. An appellate remedy may not be adequate where (1) an appellate court cannot cure the discovery error, such as when confidential information is erroneously made public, (2) the party's ability to present a viable claim or defense—or reasonable opportunity to develop the merits of the case—

10

is "severely compromised" so that the trial would be a waste of resources, or (3) discovery is disallowed and cannot be made part of the appellate record such that a reviewing court is unable to evaluate the effect of the trial court's error based on the record. *Walker*, 827 S.W.2d at 843–44. When the denial of discovery prohibits a party from effectively preparing for trial, "his remedy by appeal is of doubtful value." *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding). "A party's ability to present and develop its case may be severely compromised when the denied discovery goes 'to the very heart' of a party's case and prevents it from 'developing essential elements' of its claim or defense." *In re K & L Auto Crushers*, 627 S.W.3d at 256 (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding)). "A relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources." *In re Garza*, 544 S.W.3d 836, 840–41 (Tex. 2018) (quoting *Walker*, 827 S.W.2d at 843).

Esparza contends that an improper striking of his key expert witnesses or damages witnesses deprives him of an adequate remedy by appeal. In support, Esparza points to a Texas Supreme Court case where the Court held it was an abuse of discretion to impose a sanction on a plaintiff—namely, the granting of a motion to strike her expert witness. *In re Garza*, 544 S.W.3d at 842. The Court further held the plaintiff did not have an adequate remedy by appeal, even though the sanctions were "less than" death penalty sanctions. *Id.* at 842–43. The Court noted that plaintiff's lawsuit focused on the injuries she suffered from a collision, whether she had preexisting conditions that contributed to her problems requiring surgery, and how she would recover from any injuries and the surgery. *Id.* at 843. The excluded expert was plaintiff's surgeon whose testimony would form a substantial part of her case. *Id.* Further, the medical and billing records would also be substantial to her case which required employees and agents of her surgeon to prove up the records. The Court held that plaintiff would have difficulty explaining her injuries without

11

the medical records and she also would be unable to prove her medical bills. *Id.* For these reasons, the Court held that plaintiff's claims, although not completely vitiated, would be significantly compromised. *Id.*

Relying on *Garza*, Esparza asserts his claims would be significantly compromised by the challenged orders because a significant component of his lawsuit is the claim that he sustained a traumatic brain injury as a proximate result of the collision at issue, and a distinct subset of that injury is his more recent development of Parkinsonian like features in his current state. Esparza claims that Dr. Freeman would testify to the probability and likelihood that his injuries were caused by the accident. Moreover, Dr. Wakeham is the only witness who put together a lifecare plan that documented the amount of future medical care Esparza contends he will need for his care. He asserts Dr. Wakeham's testimony is necessary to address actual damages and non-pecuniary damages. Accordingly, Esparza contends the testimony of these disclosed witnesses is needed and without it his case will be significantly compromised.

Coastal contends Esparza failed to establish that his claims would be vitiated or severely compromised without his expert witnesses. It further argues that Esparza has other expert witnesses who were previously designated who can adequately support his claims. But Esparza retorts that the previous trial resulted in a mistrial because of Coastal's intention to use evidence of Medical Board documents and other lawsuits against his treating physician, Dr. Velimirovic. He argues that Coastal's impeachment plan will turn his case into one that is overly focused on his treating doctor, not on a developed record of the state of his injuries and conditions. For this reason, Esparza contends his case would be significantly compromised if he were not able to rely on other experts that refocus the case to matters directly relevant to his condition. We agree with Esparza.

Here, we have already determined that the trial court abused its discretion in retroactively setting a deadline for the designation of expert witnesses. Relevant to this analysis, the retroactive

12

deadline, in effect, led to a categorical limitation of Esparza's right to designate experts who would testify on liability and damages, as well as medical conditions, medical needs, and future medical care and treatment. This overly broad limitation untethered to any claim of a witness specific deficiency results in an abuse of discretion for which Esparza lacks an adequate legal remedy. *See In re Saddles Blazin, LLC*, No. 09-19-00302-CV, 2019 WL 5607905, at \*4 (Tex. App.—Beaumont Oct. 31, 2019, orig. proceeding) (per curiam) (mem. op.) (holding a retroactively imposed deadline for designating experts constituted an abuse of discretion for which a relator would have no adequate legal remedy); *Ross*, 718 S.W.2d at 11 (finding an abuse of discretion, after a mistrial, when the trial court retroactively limited discovery before the second trial); *Walker*, 827 S.W.2d at 843 (finding that mandamus is an appropriate remedy when the ability to present claims is compromised by a *discovery* error).

We sustain Esparza's sixth issue.

## CONCLUSION

We conditionally grant Esparza's petition for writ of mandamus and direct the trial court to vacate its scheduling order of September 21, 2023, which set a trial date for May 10, 2024, while it also limited the designation of expert witnesses, with one exception, to those disclosed as of November 8, 2022, or the date of mistrial. We are confident the trial court will vacate the scheduling order and follow the principles set forth in this opinion in entering a new scheduling order and trial date. The writ will issue only if the trial court fails to act in accordance with this Court's opinion.

GINA M. PALAFOX, JUSTICE

April 26, 2024

Before Palafox, J., Soto, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge) (Sitting by Assignment)